J-S55043-16

2016 PA Super 191

| IN THE INTEREST OF: J.G., A MINOR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| APPEAL OF: J.G., A MINOR | No. 1884 EDA 2015 |

Appeal from the Dispositional Order June 2, 2015
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-0003238-2014

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.: **FILED AUGUST 26, 2016**

J.G. (hereinafter "Juvenile") appeals from the dispositional order entered in the Court of Common Pleas of Philadelphia County on June 2, 2015, following his delinquency adjudication for Robbery, Conspiracy, Theft by Unlawful Taking and Simple Assault.[1] Although we find Juvenile's challenges to the suppression court's denial of his motion to suppress lack merit and that his sufficiency of the evidence issue has been waived, we are constrained to remand to provide Juvenile the opportunity to file a post-dispositional motion *nunc pro tunc* challenging the weight of the evidence.

_____

[1] 18 Pa.C.S.A. §§ 3701(A)(1)(iii); 903(C); 3921(A); 2701(A), respectively. The juvenile court dismissed a charge for possession of an instrument of crime (PIC), 18 Pa.C.S.A. § 907(A).

*Former Justice specially assigned to the Superior Court.

The juvenile court set forth the relevant procedural and factual history herein as follows: [2]

**PROCEDURAL HISTORY**

Prior to their juvenile delinquency hearing co-defendants JJ and [Juvenile] jointly filed a motion to suppress in court and out of court identification evidence alleging the process and identifications violated the co-defendants' due process rights. The motion was denied and an adjudication hearing was held wherein defendants were adjudicated delinquent of robbery as a felony of the second degree, conspiracy, theft, and simple assault. This appeal followed.

**STATEMENT OF FACTS**

At the suppression hearing and subsequent trial, the Commonwealth offered the testimony of the complainant and Philadelphia Police Officers Joseph Campbell, Colin Gershert [sic], and Jeffrey Thompson. The evidence established the following:

On December 10, 2014, at approximately 10:30 P.M. the complainant was walking in the area of the 6900 Block of Haines Street in Philadelphia, Pennsylvania. (N.T. 1/20/15 pgs. 62-63) As the complainant was walking, five young males approached him. Id. One of the males approached the complainant from the back, and placed his arm around the complainant's body. Id. Another male held an unknown object to the complainant's neck and said "give it up old head, give it up." (N.T. 1/20/15 pg. 63) The other three males went through the complainant's pants pockets. Id. The complainant testified that at this moment he thought he was going to get shot for nothing. (N.T. 1/20/15 pg. 66) After approximately three minutes, there was a loud noise in the area and the males scattered. (N.T. 1/20/15 pg. 63) The complainant was able to see that all of the males were young, black, and wearing dark hooded sweatshirts. (N.T. 1/20/15 pgs.

---

[2] The facts and procedural history are derived from the transcripts of Juvenile's adjudicatory hearing at which time Juvenile was tried together with his codefendant, J.J. J.J.'s case is on appeal separately with this Court at No. 2071 EDA 2015.

70 -71) One male in the group stood out to the complainant because he was wearing a red hooded sweatshirt. (N.T. 1/20/15 pg. 70)

The complainant then went directly to his home and contacted the police. (N.T. 1/20/15 pgs. 63, 67, 10) Police Officers arrived at the complainant's home within five minutes. (N.T. 1/20/15 pgs. 8-9) There, the complainant told the Officers about the incident and described the males. (N.T. 1/20/15 pgs. 9, 84) Based on the description the complainant provided, the Officers sent out a flash description of the five assailants. (N.T. 1/20/15 pg. 9)

Officer Goshert and his partner Officer Thompson received the flash information while at a location just two blocks from the 6900 block of Haines Street. (N.T. 1/20/15 pgs. 27) At that location, Officer Goshert observed a group of three young black males matching the flash information, including the defendant JJ, who was wearing a red hood sweatshirt, [Juvenile] who was wearing a dark hooded sweatshirt, and another young black male wearing a dark hooded sweatshirt. Id. As Officer Goshert and his partner, both in full uniform, approached the males, two fled on foot while the defendant JJ remained. (N.T. 1/20/15 pgs. 27-28) Officer Thompson pursued [Juvenile] and the other male, while Officer Goshert detained defendant JJ so that the complaining witness could be transported to the location to make an identification. (N.T. 1/20/15 pg. 30) After a brief chase, [Juvenile] was apprehended and detained by Officer Thompson so that the complaining witness could be transported to make an identification. The complainant positively identified defendant JJ as the same individual wearing the red hooded sweatshirt involved in the incident, and [Juvenile] as one of the other males wearing a dark hooded sweatshirt involved in the incident. Id. [The juveniles] were then handcuffed and placed under arrest. (N.T. 1/20/15 pgs. 33 -34)

Juvenile Court Opinion, filed 11/9/15, at 1-3.

On January 20, 2015, the juvenile court heard testimony on Juvenile's and his co-defendant's joint motion to suppress identification and an adjudicatory hearing immediately followed. At the conclusion of the hearing, the juvenile court held the matter under advisement. Ultimately, the

juvenile court entered an order adjudicating Juvenile delinquent of one count each of the aforementioned charges on April 29, 2015. Juvenile did not file a post-dispositional motion.

On June 26, 2016, Juvenile filed a notice of appeal. On June 30, 2015, the juvenile court ordered Juvenile to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), although Juvenile had filed what he titled "Preliminary Statement of Matters Complained of on Appeal" contemporaneously with his notice of appeal on June 26, 2015. On November 9, 2015, the juvenile court filed an opinion pursuant to Pa.R.A.P. 1925(a).

In his brief, Juvenile presents the following Statement of Questions Involved:

> [1] Did the [juvenile] [c]ourt err by denying [Juvenile's] Motion to Suppress the out of court identification by the Complainant after an unlawful stop?
>
> [2] Did the [juvenile] [c]ourt err by denying [Juvenile's] Motion to Suppress the out of court identification by the Complainant after [ ] J.G. was stopped by the police because the identification procedure was unduly suggestive?
>
> [3] Whether the verdict was so contrary to the weight of the evidence as to shock one's sense of justice when the Commonwealth's sole eyewitness misidentified [Juvenile] in Court as a co-defendant[?]
>
> [4] Whether the verdict was so contrary to the sufficiency of the evidence when the Complainant misidentified [Juvenile] in Court as a co-defendant.

Juvenile's Brief at 5.

This Court's standard of review of dispositional orders in juvenile proceedings is well-settled. The Juvenile Act grants broad discretion to

- 4 -

juvenile courts in determining appropriate dispositions. *In re C.A.G.*, 89 A.3d 704, 709 (Pa.Super. 2014). In addition, this Court will not disturb the juvenile court's disposition absent a manifest abuse of discretion. *In the Interest of J.D.*, 798 A.2d 210, 213 (Pa.Super. 2002).

Juvenile's first two issues challenge the juvenile court's denial of his motion to suppress the complainant's out of court identification of Juvenile. When reviewing a suppression order:

> an appellate court is required to determine whether the record supports the suppression court's factual findings and whether the inferences and legal conclusions drawn by the suppression court from those findings are appropriate. Where the record supports the factual findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. However, where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's conclusions of law are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts.
>
> Whether an out of court identification is to be suppressed as unreliable, and therefore violative of due process, is determined from the totality of the circumstances. Suggestiveness in the identification process is a factor to be considered in determining the admissibility of such evidence, but suggestiveness alone does not warrant exclusion. Identification evidence will not be suppressed unless the facts demonstrate that the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Photographs used in line-ups are not unduly suggestive if the suspect's picture does not stand out more than the others, and the people depicted all exhibit similar facial characteristics.

*Commonwealth v. Fulmore*, 25 A.3d 340, 346 (Pa.Super. 2011) (internal citations and quotation marks omitted). Moreover, our scope of review from

- 5 -

a suppression ruling is limited to the evidentiary record that was created at the suppression hearing. ***In re L.J.,*** 622 Pa. 126, 148, 79 A.3d 1073, 1086 (2013).

There are three types of encounters between law enforcement officials and private citizens. A "mere encounter" need not be supported by any level of suspicion but carries no official compulsion to stop or respond. ***Commonwealth v. Clinton***, 905 A.2d 1026, 1030 (Pa.Super. 2006), *appeal denied,* 594 Pa. 685, 934 A.2d 71 (2007). An "investigative detention" must be supported by reasonable suspicion and subjects the suspect to a stop and a period of detention, but it does not have the coercive conditions that would constitute an arrest. ***Id***. The courts determine whether reasonable suspicion exists by examining the totality of the circumstances. ***In the interest of DM,*** 556 Pa. 160, 167, 727 A.2d 556, 559 (1999). An arrest, or "custodial detention," must be supported by probable cause. ***Clinton***, 905 A.2d at 1030.

Juvenile first claims the victim's identification of him should have been suppressed as the "fruit of an unlawful seizure." Juvenile's Brief at 10. Juvenile avers police had neither reasonable suspicion to stop nor probable cause to arrest him as he ran from them because the information that Officer Campbell provided over police radio failed to include a description of the perpetrators' height, weight, and any distinctive features or to indicate their direction of travel. ***Id***. at 10-11. Juvenile stresses officers observed

him clad in dark clothing and begin to run at a different location from that where the incident had occurred. *Id*. at 12.

In **D.M.**, *supra*, police responded to the flash information provided by a victim. Officers promptly arrived on the scene of a reported armed robbery and saw several men who matched the description. When the men saw the officers, they abruptly changed their direction and quickly walked away. Our Supreme Court noted that the police report was particularly reliable because it came from the victim, rather than an anonymous source. **D.M.**, 556 Pa. at 164-65, 727 A.2d at 558. The Court concluded that under those circumstances, an experienced police officer reasonably would believe that the men were engaged in criminal activity.

Instantly, we find police officers possessed reasonable suspicion of criminal activity to justify an investigatory stop of Juvenile on December 10, 2014. Just minutes after the robbery, Officers Goshert and Thompson encountered Juvenile walking with a group of other young African American males within two blocks of the area where the complainant had been robbed. Matching the description the complainant had provided police, two of the individuals were wearing dark jackets and tan pants and one of them wore a red, hooded sweatshirt. They began to disperse as the officers advanced. N.T., 1/10/15, at 28, 46. In addition, upon seeing the officers, Juvenile and another fled on foot in opposite directions. *Id*. Juvenile hid under a car in effort to avoid police detection. *Id*. at 48.

In light of these facts, the juvenile court did not err in denying Juvenile's suppression motion on the basis that he had been unlawfully seized. *See Commonwealth v. Ellis*, 541 Pa. 285, 296, 662 A.2d 1043, 1049 (1995) (police may briefly detain a suspect in order to allow an on-scene identification). Juvenile and his companions matched the race of the suspects, were traveling in a group and were dressed as described in the flash broadcast over police radio. Officers observed Juvenile and his cohorts just about two blocks away within minutes of the crime. In addition, Juvenile acted evasively when he saw the police vehicle. *See In re D.M.*, 556 Pa. 160, 165, 727 A.2d 556, 558 (1999).

Juvenile next maintains the identification procedure had been unduly suggestive. Juvenile's Brief at 13. Juvenile posits that in light of the fact the complainant identified Juvenile while Juvenile was in the presence of multiple police officers, even though he had not been handcuffed, and admitted at the adjudicatory hearing that he primarily based his identification upon the clothing Juvenile wore, his identification is not reliable. Juvenile's Brief at 14-15.

This Court has found that "on-scene, one-on-one identifications, even where an appellant is handcuffed and officers ask a victim to identify him as the perpetrator, are not so suggestive as to give rise to an irreparable likelihood of misidentification." *Commonwealth v. Armstrong*, 74 A.3d 228, 239 (Pa.Super. 2013) (citation and internal quotation marks omitted),

appeal granted on other grounds, 623 Pa. 560, 83 A.3d 411 (Jan. 8, 2014).

Herein, the complainant testified that he was able to identify the males by

their clothing and their complexion. He also informed the juvenile court he

saw the face of the individual wearing the red jacket, and that the person

holding the instrument to his neck was a light-skinned African American.

N.T., 1/20/15, at 70, 76. He explained he does not wear glasses and was

not intoxicated at the time of his identification which occurred within several

minutes of the incident. *Id*. at 71.

Appellant's argument conflates an unduly suggestive identification

process with the weight to be afforded a witness' identification. *See*

***Commonwealth v. Sanders***, 42 A.3d 325, 331 (Pa.Super. 2012) (holding

allegations the victim was not sufficiently lucid to make a pretrial

identification go to the weight of the evidence and not to the admissibility of

the identification). In this regard, the trial court correctly reasoned as

follows:

> [T]he totality of the circumstances surrounding the victim's
> identifications, particularly the promptness with which they were
> completed, indicated to this court that the out of court
> identifications were completely reliable. There was no evidence
> presented that indicated the presence of special elements of
> unfairness that would have given rise to an irreparable likelihood
> of misidentification by the witness. While one on one
> confrontations between the suspect and victim are highly
> suggestive, an on the scene identification made shortly after the
> occurrence of the crime does not, by itself, offend a suspect's
> due process rights. Commonwealth v. Moye, 836 A.2d 973
> (Pa.Super. 2003). Officer Goshert testified that the complainant
> identified the defendant JJ without hesitation as the perpetrator
> in the red hooded sweatshirt, and [Juvenile] as one of the

perpetrators in a dark hooded sweatshirt within minutes of the incident. (N.T. 1/20/1015 [sic] pg. 30). Additionally, no corrupting effect was shown to have resulted from the on the scene identification. Finding no special elements of unfairness, coupled with the close proximity in time and place to the actual offense, the identification procedure so enhances the reliability of the on the scene identification as to outweigh any possibility of irreparable misidentification that might arise from the witness' observance of the suspect in police custody. See, Commownealth v. Allen, 429 A.2d 1113 (Pa.Super. 1981).

Juvenile Court Opinion, filed 11/9/15, at 4-5. Upon our review of the record, we agree with the juvenile court and reject Juvenile's claim.

Next, Juvenile asserts the verdict was against the weight of the evidence in light of the complainant's misidentification of Juvenile at the adjudicatory hearing as the individual wearing the red jacket. Juvenile maintains the complainant's statement that he had based his identification upon the clothing the juveniles were wearing rather than their actual faces shocks one's sense of justice. Juvenile's Brief at 15.

This Court applies the same standard for reviewing weight of the evidence claims in juvenile cases as those involving adults. *In re R.N.,* 951 A.2d 363, 370 (Pa.Super. 2008), called into question on other grounds, *In re J.B.,* 106 A.3d 76 (Pa. 2014). An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Ramtahal*, 613 Pa. 316, 33 A.3d 602 (2011). "An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence." *Id.* 613 Pa. at 327-28, 33 A.3d at 609. Moreover, a court's

denial of a motion for a new trial based upon a weight of the evidence claim is the least assailable of its rulings. **Commonwealth v. Rivera**, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009).

While the comment to Pa.R.Crim.P. 607(A) specifies that weight of the evidence claims in criminal proceedings are waived unless they are raised with the trial court in a motion for a new trial, "the Pennsylvania Rules of Juvenile Procedure have no counterpart requiring the same manner of preservation." **In re J.B.**, ___ Pa. ___, ____, 106 A.3d 76, 91 (2014). Indeed, "the current Rules of Juvenile Court Procedure—which 'govern delinquency proceedings in all courts'—are utterly silent as to how a weight of the evidence claim must be presented to the juvenile court so that it may rule on the claim in the first instance, which is ... a necessary prerequisite for appellate review." **Id**. ___ Pa. at ____, 106 A.3d at 98 (footnote omitted). Pa.R.J.C.P. 620(A)(2) governs the filing of what it expressly designates as an "optional post-dispositional motion." **See** Pa.R.J.C.P. 620(A)(2) ("Issues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues").

Herein, Juvenile did not file an optional post-dispositional motion pursuant to Pa.R.J.C.P. 620 alleging that the verdict was against the weight of the evidence nor did he otherwise raise such a challenge prior to the juvenile court's entry of its dispositional order. Instead, Juvenile presented

his weight of the evidence claim for the first time in his Pa.R.A.P. 1925(b) statement. However, the juvenile court did not consider the merits of this issue in its Pa.R.A.P. 1925(a) opinion and focused its analysis upon Juvenile's challenge to the sufficiency of the evidence. **See** Juvenile Court Opinion, filed 11/9/15, at 5-6.[3] Under such circumstances, we are compelled by controlling precedent to remand the matter to the juvenile court to allow Juvenile to file a post-dispositional motion *nunc pro tunc*. **In re J.B.**, ___ Pa. at ____, 106 A.3d at 99.[4]

Finally we address Juvenile's contention the verdict was "contrary to the sufficiency of the evidence." Brief of Juvenile at 16. Essentially, Juvenile avers the evidence when viewed in a light most favorable to the Commonwealth as the verdict winner was "unreliable and contradictory" because complainant identified Juvenile by his "race and the description of a

_____

[3] While the Commonwealth acknowledges the holding of **In re J.B.**, and concedes challenges to the sufficiency and weight of the evidence are distinct, the Commonwealth combines its discussion of Juvenile's challenges in its brief in the interest of avoiding repetition. **See** Brief for Appellee at 13 n.2; 14-18.

[4] Then-Justice Stevens filed a dissent wherein he stressed he would have found J.B. had waived his weight of the evidence claim for failure to raise it properly in the juvenile court below and specifically disagreed with any suggestion by the Majority that J.B. may have avoided waiver by raising his weight claim for the first time in his Pa.R.A.P. 1925(b) statement, as it is his view that Pennsylvania law clearly provides a Pa.R.A.P. 1925(b) statement may not be used as a vehicle to resurrect previously waived claims. **In re J.B.**, ___ Pa. at ____, 106 A.3d at 102 (Stevens, J. dissenting).

jacket" and "misidentified [Juvenile] in court and stated he wore the red jacket during the crime." Juvenile's Brief at 17.

When examining a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, this Court employs a well-settled standard of review:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re V.C.,* 66 A.3d 341, 348–349 (Pa.Super. 2013) (quoting *In re A.V.,* 48 A.3d 1251, 1252–1253 (Pa.Super. 2012)). The finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Gainer,* 7 A.3d 291, 292 (Pa.Super. 2010). Herein, we first consider whether Juvenile has waived this issue.

Pennsylvania Rule of Appellate Procedure 1925(b) provides, *inter alia,* "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P.1925(b)(4)(vii).[5] In **Commonwealth v. Garland**, 63 A.3d 339 (Pa.Super. 2013), this Court found the appellant had waived his sufficiency of the evidence claim where his 1925(b) statement simply averred the evidence was legally insufficient to support the convictions and in doing so reasoned:

> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." Here, as is evident, [the a]ppellant ... failed to specify which elements he was challenging in his Rule 1925(b) statement .... Thus, we find [his] sufficiency claim waived on this basis.

**Id**. at 344 (citations omitted).

---

[5] Rule 1925(b)(4) provides:

*Requirements; waiver.*

\* \* \*

(ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.

Pa.R.A.P. 1925(b)(4)(ii).

In his concise statement, Juvenile's sufficiency and weight of the evidence challenges read verbatim as follows:[6]

> Counsel intends to raise a claim that the verdicts were against the sufficiency of the evidence where the complaining witness presented by the Commonwealth at trial was the [victim] who identified [Juvenile] as the person wearing the clothes by the co-defendant [J.J.] at the time or arrest. He also testified that co-defendant [J.J.] was wearing the clothes of [Juvenile] at the time of arrest.

Juvenile's Preliminary Statement of Matters Complained of on Appeal, filed 6/26/16, at ¶ 2.

Juvenile was adjudicated delinquent of four crimes each of which contained numerous elements, yet in his concise statement he merely repeated his weight of the evidence challenge and failed clearly to state any element upon which he alleged the evidence was insufficient. Therefore, Juvenile has waived this final issue. **See Garland, supra**.[7]

---

[6] Juvenile merely replaced "weight of the evidence" with "sufficiency of the evidence" **See** Preliminary Statement of Matters Complained of on Appeal at ¶¶ 1-2.

[7] We note that even had Juvenile properly preserved this issue in his "1925(b) Statement," he devotes just one paragraph of argument to this claim in his appellate brief wherein he reiterates his general averments in support of his challenge to the weight of the evidence and again fails to specify which element(s) of which crime(s) for which the evidence had been insufficient; therefore, this claim is further waived for utter lack of development. **See** Pa.R.A.P. 2119(a), (b) (requiring a properly developed argument for each question presented including a discussion of and citation to authorities in appellate brief)*; **Commonwealth v. Buterbaugh**,* 91 A.3d 1247, 1262 (Pa.Super. 2014) (*en banc*) (failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue).

Case remanded for proceedings consistent with this Opinion. Jurisdiction is relinquished.

Judge Dubow joins the Opinion.

Judge Lazarus files a Concurring/Dissenting Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2016