J-S27009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: R.S.A., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: R.S.A., A MINOR | : | No. 3114 EDA 2015 |

Appeal from the Dispositional Order September 18, 2015
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s):  CP-51-JV-1000068-2015

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 02, 2017**

Appellant, R.S.A., a minor, appeals from the dispositional order entered in the Philadelphia County Court of Common Pleas, Juvenile Division, following his adjudications of delinquency for involuntary deviate sexual intercourse with a child ("IDSI"), sexual assault, and indecent assault.[1]  We remand for further proceedings.

In its opinion filed May 13, 2016, the Juvenile court accurately set forth the relevant facts and procedural history of this case.[2]  Therefore, we have no reason to restate them.

_____

[1] 18 Pa.C.S.A. §§ 3123(b); 3124.1; 3126(a)(7), respectively.

[2] On September 18, 2015, the court adjudicated Appellant delinquent and placed him on probation until further order of court.  Additionally, the court ordered Appellant to attend DelStar (an outpatient program for adolescents who are adjudicated of a sexual offense), to undergo random drug screens, *(Footnote Continued Next Page)*

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant raises the following issues for our review:

WAS NOT THE EVIDENCE INSUFFICIENT FOR AN ADJUDICATION OF DELINQUENCY ON ALL CHARGES, INSOFAR AS THE EVIDENCE OF [APPELLANT'S] GUILT WAS SO UNRELIABLE AND CONTRADICTORY THAT IT WAS INCAPABLE OF SUPPORTING A DETERMINATION OF GUILT BEYOND A REASONABLE DOUBT?

IN THE ALTERNATIVE, WAS NOT THE DETERMINATION OF GUILT AGAINST THE WEIGHT OF THE EVIDENCE TO SUCH A DEGREE AS TO SHOCK THE CONSCIENCE?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Arthur E. Grim, we conclude Appellant's first issue merits no relief. The Juvenile court opinion comprehensively discusses and properly disposes of that question. (*See* Juvenile Court Opinion, filed May 13, 2016, at 8-9) (finding: thirteen-year-old Appellant deceived seven-year-old Victim by luring her into bathroom under false pretenses during another child's birthday party; Appellant told Victim to close her eyes and open her mouth so Appellant could give Victim gum; after Victim complied, Appellant put his penis in Victim's mouth; Victim saw Appellant's penis when she blinked her eyes; Victim identified Appellant in court as her assailant; age of Victim as well as circumstances of case precluded consent; Victim's testimony was very

*(Footnote Continued)* _____

to have no unsupervised contact with children under twelve years old, and to be subject to a curfew.

credible; any contradiction in record is result of young Victim not initially knowing proper name for penis; Victim was clear throughout her testimony which part of Appellant's anatomy was involved in assault; Victim's testimony was consistent with her earlier statements to her teacher, guidance counselor, and mother; Commonwealth presented sufficient evidence to sustain Appellant's adjudications of delinquency for IDSI with child, sexual assault, and indecent assault).  Therefore, we conclude Appellant's first issue is meritless.

Regarding Appellant's second issue challenging the weight of the evidence, we observe that generally, a weight claim must be preserved by a motion for a new trial.  **See** Pa.R.Crim.P. 607 and *Comment* (stating: "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived").

By contrast, the Rules of Juvenile Court Procedure governing delinquency matters "are utterly silent as to how a weight of the evidence claim must be presented to the juvenile court so that it may rule on the claim in the first instance, which is…a necessary prerequisite for appellate review."  **In re J.B.**, 630 Pa. 124, 160, 106 A.3d 76, 98 (2014).  Specifically, Pennsylvania Rule of Juvenile Court Procedure 620 provides, in pertinent part:

**Rule 620.  Post-Dispositional Motions**

**A. Optional Post-Dispositional Motion.**

     (1)   The parties shall have the right to make a post-dispositional motion. All requests for relief from the court shall be stated with specificity and particularity, and shall be consolidated in the post-dispositional motion.

     (2)   Issues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues.

Pa.R.J.C.P. 620(A). Thus, juveniles in delinquency matters face "procedural rules [which make] optional the filing of a post-dispositional motion, and which [do] not otherwise specify how a weight of the evidence claim [is] to be presented in the first instance to the juvenile court in order to preserve it for appellate review."[3] ***J.B., supra*** at 160-61, 106 A.3d at 98. Consequently, the failure to preserve a weight-of-the-evidence challenge in a post-dispositional motion does not result in automatic waiver of the claim on appeal in juvenile delinquency matters. ***See id.*** (holding juvenile did not waive challenge to weight of evidence where he failed to raise that claim in

---

[3] Rule 620(A)(2) does not aid a juvenile in preserving a challenge to the weight of the evidence because the juvenile cannot raise a weight claim until **after** the adjudication of delinquency. ***J.B., supra*** at 156-57, 106 A.3d at 95-96 (explaining juvenile could not raise weight of evidence challenge in his closing argument as it is matter of plain logic that claim that adjudication of delinquency is against weight of evidence presupposes court has **already** made final adjudication; closing arguments take place prior to final adjudication and are geared toward convincing trier of fact that evidence adduced at hearing failed to prove juvenile was delinquent of offenses charged; compare weight of evidence challenge, which assumes evidence was sufficient to adjudicate juvenile delinquent but requests court to reassess its adjudication to determine whether certain facts of record are so weighty that they warrant grant of new adjudicatory hearing).

optional post-dispositional motion; finding of waiver in juvenile proceedings has harsher consequences for juvenile than for similarly-situated criminal defendant because juvenile cannot raise ineffective assistance of counsel for waiver of weight claim under Post Conviction Relief Act ("PCRA"), as PCRA does not apply to juvenile proceedings; absent this avenue of collateral relief there is stronger reason to decline to impose waiver for non-preservation of weight claim; although juvenile raised challenge to weight of evidence in Rule 1925(b) statement, and court addressed issue in its Rule 1925(a) opinion, that fact does not cure deficiency as there likely will be times, under similar circumstances, where court will either review weight challenge in its Rule 1925(a) opinion in cursory fashion or fail to address claim at all; principles of fundamental justice and sound reason necessitate remand for filing of post-dispositional motion *nunc pro tunc* to raise weight of evidence claim). **See also Interest of J.G.**, 145 A.3d 1179 (Pa.Super. 2016) (declining to waive weight challenge where juvenile did not file post-dispositional motion and presented weight of evidence claim for first time in Rule 1925(b) statement; under **In re J.B.**, Court held remand was necessary to permit juvenile to file post-dispositional motion *nunc pro tunc* challenging weight of evidence).

Instantly, Appellant did not file a post-dispositional motion. Like the cases of **In re J.B.** and **Interest of J.G.**, Appellant raised his challenge to the weight of the evidence for the first time in his Rule 1925(b) statement.

The Juvenile court addressed Appellant's weight claim in in its Rule 1925(a) opinion in a cursory fashion after a detailed analysis concerning Appellant's challenge to the sufficiency of the evidence. Following prevailing precedent, we will now remand the case to give Appellant the opportunity to file a post-dispositional motion *nunc pro tunc* challenging the weight of the evidence. ***See In re J.B., supra***; ***Interest of J.G., supra***. Accordingly, we conclude the evidence presented in this case was sufficient to sustain the delinquency adjudication, but we remand for further proceedings limited to Appellant's challenge to the weight of the evidence.

Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/2/2017</u>