J-S25025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MARVIN WALKER | |
| Appellant | No. 875 EDA 2015 |

Appeal from the Judgment of Sentence February 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002438-2012

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 13, 2017**

Appellant, Marvin Walker, appeals from the judgment of sentence of six to twelve years of incarceration, imposed February 23, 2015, following a bench trial resulting in his conviction for violations of the Uniform Firearms Act.  We affirm.[1]

We adopt the following statement of facts from the suppression court opinion, which in turn is supported by the record.  **See** Suppression Court Opinion (SCO), 8/1/16, at 1-3.

On November 3, 2011, Police Officers Kyle Morris, Christopher Hyk, and Kelly Robbins were on patrol in the 2700 block of North 8th Street in

_____

[1] **See** 18 Pa.C.S. §§ 6105, 6106, and 6108 respectively.  Appellant was also charged with possession of marijuana, 35 P.S. § 780-113(a)(16), although the charge was *nolle prossed*.

Philadelphia, Pennsylvania, a high crime area with frequent drug sales. Officer Morris is a narcotics officer with over seven years on the force. Officer Morris observed Appellant transferring small objects in a "pinching" motion to another individual, who gave Appellant money in exchange. Believing this to be a drug sale, Officer Morris stopped the police car to investigate. Officer Morris noticed Appellant had his hand on his waistband.

When Appellant looked up and noticed the officer's approach, he began to run away. Officer Morris yelled for Appellant to stop and proceeded to chase Appellant for approximately three blocks. During the chase, Appellant reached into his waistband and discarded a metal object. Appellant was arrested by Officer Hyk. A search incident to arrest resulted in the recovery of $429.00 and three bags of marijuana from Appellant's person, and the metal object, a discarded firearm, was recovered from the ground by Officer Robbins.

Prior to trial, Appellant litigated a suppression motion, arguing that the officers had not observed a crime and that the chase and subsequent search were not supported by reasonable suspicion. Appellant argued that Officer Morris, in a preliminary hearing, had stated that Appellant ran only after being told to stop. However, at the suppression hearing, Officer Morris testified consistently that Appellant had fled prior to being told to stop. The suppression court denied Appellant's motion.

The matter proceeded to a bench trial in September 2014. Appellant was convicted of the above-mentioned charges. Appellant filed a motion

seeking reconsideration of the verdict and the denial of the suppression motion, which the court denied. In February 2015, the court sentenced Appellant to an aggregate sentence of six to twelve years of incarceration.

On appeal, Appellant raises a single issue for our review, namely, that the court erred in failing to grant his motion to suppress physical evidence. *See* Appellant's Brief at 4. Appellant argues that based on the totality of the circumstances, the police lacked reasonable suspicion and probable cause to search Appellant. *See* Appellant's Brief at 9. He contends that as a result, the physical evidence should have been suppressed as illegally obtained. *Id.* at 12.

Our standard of review for an appeal denying a motion to suppress is well settled.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (citations omitted).

Appellant contends that the search was not supported by reasonable suspicion or probable cause. We note, initially, that

> [t]here are three types of encounters between law enforcement officials and private citizens. A "mere encounter" need not be supported by any level of suspicion but carries no official compulsion to stop or respond. An "investigative detention" must be supported by reasonable suspicion and subjects the suspect to a stop and a period of detention, but it does not have the coercive conditions that would constitute an arrest. The courts determine whether reasonable suspicion exists by examining the totality of the circumstances. An arrest, or "custodial detention," must be supported by probable cause.

*In re J.G.*, 145 A.3d 1179, 1185 (Pa. Super. 2016).

Here, the initial contact between Appellant and the police was a mere encounter which need not be supported by any level of suspicion. *See Commonwealth v. Lyles*, 97 A.3d 298, 303 (Pa. 2014) (noting that a seizure does not occur where officers merely approach a person in public and question the individual or request to see identification). Officer Morris stopped the car, got out of the car, and Appellant fled, and the suppression court made a factual finding to this effect, which is supported by the record. *See Jones*, 988 A.2d at 654 (noting that where the suppression court's factual findings are supported by the record, appellate courts are bound by those findings).

Regardless, the record supports the contention that the officers had both reasonable suspicion and probable cause to stop Appellant. Here,

police officers with extensive narcotics experience observed Appellant conduct a drug transaction in a high crime area specifically known for drug transactions. *See Commonwealth v. Thompson*, 985 A.2d 928, 935 (Pa. 2009) (noting that a police officer's experience may be fairly regarded as a relevant factor in determining probable cause).

Further, prior to any questioning or interactions by the officers, Appellant fled. It is well-settled that unprovoked flight in a high crime area is sufficient to create a reasonable suspicion to justify an investigatory stop. *See In the Interest of D.M.,* 781 A.2d 1161, 1163–64 (Pa. 2001); *see also Commonwealth v. Washington*, 51 A.3d 895, 898 (Pa. Super. 2012) ("nervous, evasive behavior and headlong flight all provoke suspicion of criminal behavior in the context of response to police presence"); *Commonwealth v. McCoy*, 154 A.3d 813, 819 (Pa. Super. 2017) (noting that Appellant's evasive and suspicious behavior in a high crime area, his unprovoked flight, and officers' training and experience, provided requisite reasonable suspicion). All evidence recovered from Appellant was the result of a search incident to a lawful arrest. *See Commonwealth v. Ingram*, 814 A.2d 264, 272 (Pa. 2002) (noting that a warrantless search incident to a lawful arrest is reasonable, and no justification other than that required for the arrest itself is necessary to conduct such a search).

Accordingly, the suppression court properly denied Appellant's motion to suppress. *Jones*, 988 A.2d at 654.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/13/2017