J-S12044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.M., A MINOR | : | No. 1526 MDA 2018 |

Appeal from the Dispositional Order Entered August 21, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-JV-0000184-2018

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED MAY 09, 2019**

D.M., a minor, appeals from the Dispositional Order entered following her adjudication of delinquency for the offense of disorderly conduct as a third-degree misdemeanor, and the summary offense of harassment.[1]  We affirm.

The juvenile court summarized the testimony presented at the adjudicatory hearing as follows:

> Mrs. Kristin Walker [("Mrs. Walker")] testified that she is an Alternative Ed[ucation] teacher at Justice Works Youth Care, Compass Academy, and was employed in that capacity on May 9, 2018.  She testified that at the end of the day, she walked towards the classroom door, "opened it just a bit and put my head out waiting for a verbal prompt from our educational director." ([N.T.,] 8/21/18, [at] 4).  Mrs. Walker testified[,] "[t]he routine is [that] we dismiss the students as the teachers in the classroom. … [The educational director's] prompt is to us, not the students." ([*Id.* at] 24).  Mrs. Walker further testified that the verbal prompt from the educational director is her cue to tell the students they may leave, provided they are in their seats and quiet.  If the students are not seated quietly, the teachers wait for them to do

_____

[1] *See* 18 Pa.C.S.A. § 5503(b), 2709.

so before dismissing them. At the time of the offense in the present case, [D.M.] had been attending the alternative educational program for approximately two months. She was well familiar with the school's policy regarding dismissal at the end of the day.

Mrs. Walker testified that on the date in question, "I had my hand on the door and just had my head out. So it wasn't completely open, and [D.M.] saw the bus coming and she stood up and immediately moved towards the door and shoved through me with enough force that I actually went out in the hallway and the door opened and hit the wall behind me. So it opened completely and it slammed off the wall behind me." ([*Id.* at] 4). Mrs. Walker further testified that when [D.M.] shoved her[,] it was with "[b]oth hands … she just pushed through me. Uh, I would say probably at the point where she made contact, yes, her arms would have been extended." ([*Id.* at] 5-6). Mrs. Walker indicated that she stumbled approximately two feet into the hallway, and that [D.M.] started towards her a second time[,] while she was standing in the doorway[,] but ultimately attempted to take the other exit out of the classroom, which caused Mrs. Walker to call for another teacher to intervene. When questioned about whether [D.M.] said anything when she pushed her, Mrs. Walker testified[,] "[s]he did say something about having problems if she missed her bus." ([*Id.* at] 10).

[D.M.] testified and acknowledged that she made contact with Mrs. Walker, but that it was her shoulder that bumped her; that it was not a hard hit; and that she wasn't purposely trying to hit her. However, [D.M.] also testified that at the time that the contact was made, she had not heard the educational director give the prompt that students may be dismissed.

*See* Juvenile Court Opinion, 10/30/18, at 2-3 (some citations omitted).

Following a hearing, the juvenile court adjudicated D.M. delinquent for the above offenses. Thereafter, the juvenile court's disposition directed that D.M. be placed on juvenile probation, complete 24 hours of community service, and pay court costs. D.M. filed a Post Adjudication Motion, which the juvenile court denied. Thereafter, D.M. filed the instant timely appeal,

followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

D.M. presents the following claims for our review:

A. The evidence presented by the Commonwealth was insufficient to establish the necessary elements for a summary offense of disorderly conduct under 18 Pa.C.S.[A.] § 5503(a)91)[,] when D.M.'s actions were not intended to cause public disturbance, did not cause a public disturbance, in no way caused public unruliness nor risked tumult or disorder[,] and[,] in reality[,] where the actions of a fourteen (14) year-old girl[,] who pushed her teacher slightly through a doorway to get to her school bus because she was worried she would miss the bus[,] which taken in any light did not rise to criminal intent.

B. The evidence presented by the Commonwealth was insufficient to establish the necessary additional elements to make the offense of disorderly conduct[,] a misdemeanor of the third degree in accordance with 18 Pa.C.S.[A.] § 5503(b)[,] when no evidence was presented to establish [that] fourteen (14) year-old D.M. intended[,] with one small push[,] to cause substantial harm or serious inconvenience[,] nor was there any evidence [that] D.M. persisted with this behavior after being given [a] reasonable warning[,] as the evidence clearly indicates one (1) push from which the teacher immediately recovered.

Brief for Appellant at 4 (issues renumbered for disposition).

D.M.'s claims challenge the sufficiency of the evidence underlying her adjudications of delinquency. When examining a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, this Court employs the following standard of review:

When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to

- 3 -

the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder of fact is free to believe some, all, or none of the evidence presented.

*In re J.G.*, 145 A.3d 1179, 1188 (Pa. Super. 2016).

In her first claim, D.M. challenges the sufficiency of the evidence underlying her adjudication of delinquency as to the summary offense of disorderly conduct. Brief for Appellant at 9. D.M. asserts that the Commonwealth offered no evidence to establish that "her act of pushing a teacher to get to her school bus or her subsequent act of refusing to sit down until told to do so several times caused or unjustifiably risked causing a public disturbance or that said acts did or could have led to tumult and disorder." *Id.* at 10. D.M. directs our attention to the lack of evidence that any person noticed that D.M. had pushed Mrs. Walker. *Id.* According to D.M., Mrs. Walker acknowledged that she did not fall, and quickly was able to step in front of D.M. *Id.* D.M. argues that no additional witnesses testified that D.M.'s actions could have led to tumult, disorder, or public unruliness. *Id.*

The Crimes Code defines the offense of disorderly conduct as follows:

- 4 -

**§ 5503. Disorderly conduct.**

**(a) Offense defined.**—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

   (1) engages in fighting or threatening, or in violent or tumultuous behavior;

   (2) makes unreasonable noise;

   (3) uses obscene language, or makes an obscene gesture; or

   (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

**(b)  Grading.** — An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist.  Otherwise disorderly conduct is a summary offense.

**(c)  Definition.** — As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are … schools ….

18 Pa.C.S.A. § 5503.

In its Opinion, the juvenile court addressed D.M.'s challenge to the sufficiency of the evidence underlying her adjudication of delinquency for the offense of disorderly conduct, as a summary offense, and concluded that it lacks merit.  *See* Juvenile Court Opinion, 10/30/18, at 2-4.  We agree with the sound reasoning of the juvenile court, as set forth in its Opinion, and affirm on this basis with regard to D.M.'s first claim.  *See id.*

In her second claim, D.M. challenges the grading of her adjudication of delinquency for disorderly conduct as a third-degree misdemeanor.  Brief for

Appellant at 11. According to D.M., the Commonwealth failed to establish that she had intended to cause substantial harm or serious inconvenience, or persisted in disorderly conduct after a reasonable warning or request to desist. *Id.* D.M. states that the Commonwealth was required to show that she "acted with the intent to cause substantial harm or serious inconvenience (and by doing so potentially increased the threat to the public peace and safety)." *Id.* at 12 (citation omitted). D.M. argues that the evidence regarding her intent established only that "she pushed her teacher and then refused to sit down until told two (2) or three (3) times solely because she wanted to get to her school bus." *Id.* D.M. asserts that the Commonwealth presented no evidence establishing that she had intended to cause substantial harm or serious inconvenience, or that her actions increased the risk to public peace and safety beyond what could have established the summary offense of disorderly conduct. *Id.* D.M. also challenges the juvenile court's finding that she persisted in disorderly conduct after a reasonable warning to desist. *Id.* D.M. points out evidence that she pushed Mrs. Walker only one time, and did not persist with this behavior. *Id.* at 13. D.M. posits,

> [i]t is … not evidence of criminal intent that [D.M.] persisted in creating an unjustified risk of causing a public disturbance or performed an act that did not nor could have led to tumult and disorder. If it were, children every day in every classroom in every school in the Commonwealth would exhibit criminal intent sufficient to support a conviction for the offense of [d]isorderly [c]onduct by simply temporarily running around their classroom….

*Id.*

In its Opinion, the juvenile court set forth the applicable law, addressed D.M.'s claims, and concluded that they lack merit. **See** Juvenile Court Opinion, 10/30/18, at 4-5. We agree with the sound reasoning of the juvenile court, as set forth in its Opinion, and affirm on this basis as to D.M.'s second claim.[2] **See id.**

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/09/2019

---

[2] We note that in its Opinion, the juvenile court found D.M.'s statement, *i.e.*, that there would be "problems" if she missed her bus, to be threatening behavior. **See** Juvenile Court Opinion, 10/30/18, at 4. We do not disturb this finding. **Commonwealth v. Manley**, 985 A.2d 256, 262 (Pa. Super. 2009) (stating that this Court "must defer to the credibility determinations of the [juvenile] court, as these are within the sole province of the finder of fact. The trier of fact, while passing on the credibility of witnesses, is free to believe all, part or none of the evidence.").

**IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA**
**JUVENILE COURT DIVISION**

IN RE:                     :        **NO. JV-184-2018**

                           :        **1526 MDA 2018**

**D. M.,**

    **A Minor**              :

*Dated:*      *October 30, 2018*

## OPINION IN SUPPORT OF THE ORDER OF AUGUST 28, 2018, IN COMPLIANCE WITH RULE 1925(a)(2) OF THE RULES OF APPELLATE PROCEDURE

The Appellant, D. M., a minor, (hereinafter referred to as "Appellant") has appealed this Court's Order docketed on August 28, 2018, which, found the Appellant guilty of Count 3, Disorderly Conduct, a misdemeanor of the third degree, and Count 4, Harassment, a summary offense, after a hearing held on August 21, 2018.[1] Appellant's counsel filed a Post Adjudication Motion on August 28, 2018, which was denied by this court on August 31, 2018. Appellant's appeal was timely filed on September 11, 2018. On September 13, 2018, Appellant was ordered, pursuant to Pa.R.C.P. 1925(b), to file a Concise Statement of the Matters Complained of on Appeal. Appellant raises the following issues in her Concise Statement of Matters Complained of on Appeal, filed on September 19, 2018:

1. Appellant, D. M., a minor, avers that the evidence presented during the evidentiary hearing held August 21, 2018, taken in the light most favorable to the Commonwealth, was insufficient to establish the necessary elements for a summary offense of Disorderly Conduct under 18 Pa.C.S. §5503(a)(1).

2. Appellant, D. M., a minor, avers that the evidence presented during the evidentiary hearing held August 21, 2018, taken in the light most favorable to the

---

[1] Appellant was found not guilty of Count 1, Aggravated Assault (18 Pa.C.S. §2702(a)(5)), and Count 2, Simple Assault (18 Pa.C.S. §2701(a)(1)).

Commonwealth, was insufficient to establish the necessary additional elements to make the offense of Disorderly Conduct allegedly committed a misdemeanor of the third degree in accordance with 18 Pa.C.S. §5503(b).

A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he engages in fighting or threatening, or in violent or tumultuous behavior. **18 Pa.C.S. §5503(a)(1).** Appellant contends that the evidence presented was insufficient to meet the elements of the crime. In considering sufficiency of the evidence claims,

> "we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. . . . Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. Of course, the evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part or none of the evidence presented." Commonwealth v. Watley, 81 A.3d 108, 113 (Pa. Super. 2013).

The Commonwealth's first witness, Mrs. Kristin Walker, testified that she is an Alternative Ed teacher at Justice Works Youth Care, Compass Academy, and was employed in that capacity on May 9, 2018. She testified that at the end of the day, she walked towards the classroom door, "opened it just a bit and put my head out waiting for a verbal prompt from our educational director." (T. P. 8/21/18, pg. 4). Mrs. Walker testified "[t]he routine is we dismiss the students as the teachers in the classroom. Um, Ty's prompt is to us, not the students." (T. P. 8/21/18, pg. 24). Mrs. Walker further testified that the verbal prompt from the educational director is her cue to tell the students they may leave, provided they are in their seats and quiet. (T.P. 8/21/18, pg. 25). If the students are not seated quietly, the teachers wait for them to do so before

2

dismissing them. At the time of the offense in the present case, the Appellant had been attending the alternative educational program for approximately two months. She was well familiar with the school's policy regarding dismissal at the end of the day.

Mrs. Walker testified that on the date in question, "I had my hand on the door and just had my head out. So it wasn't completely open, and [Appellant] saw the bus coming and she stood up and immediately moved towards the door and shoved through me, and with enough force that I actually went out in the hallway and the door opened and hit the wall behind me. So it opened completely and it slammed off the wall behind me." (T. P. 8/21/18, pg. 4). Mrs. Walker further testified when Appellant shoved her it was with "[b]oth hands . . . she just pushed through me. Uh, I would say probably at the point where she made contact, yes, her arms would have been extended." (T. P. 8/21/18, pg. 5-6). Mrs. Walker indicated that she stumbled approximately two feet into the hallway, and that Appellant started towards her a second time while she was standing in the doorway but ultimately attempted to take the other exit out of the classroom, which caused Mrs. Walker to call for another teacher to intervene. (T. P. 8/21/18, pg. 6). When questioned about whether Appellant said anything when she pushed her, Mrs. Walker testified "[s]he did say something about having problems if she missed her bus." (T. P. 8/21/18, pg. 10).

Appellant testified and acknowledged that she made contact with Mrs. Walker, but that it was her shoulder that bumped her; that it was not a hard hit; and that she wasn't purposely trying to hit her. (T. P. 8/21/18, pg. 18-19). However, she also testified that at the time that the contact was made, she had not heard the educational director give the prompt that students may be dismissed. (T. P. 8/21/18, pg. 17, 23).

3

"The mens rea requirement of Section 5503 demands proof that appellant by his actions intentionally or recklessly created a risk or caused a public inconvenience, annoyance or alarm." Commonwealth v. Troy, 832 A.2d 1089, 1094 (Pa. Super. 2003). "The specific intent requirement of this statute may be met by a showing of a reckless disregard of the risk of public inconvenience, annoyance, or alarm, even if the appellant's intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm." Id. Appellant engaged in violent behavior when she pushed her teacher out the door into the hallway and in threatening behavior when she stated that there would be problems if she missed her bus. This violent outburst occurred at the end of the day in a school setting where the dismissal routine is well-established. Regardless of whether she intended to cause public inconvenience, annoyance, or alarm, Appellant, by her conduct, recklessly created a risk thereof in her school. The evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, supports the Appellant's conviction of Disorderly Conduct, 18 Pa.C.S. §5503(a)(1), beyond a reasonable doubt.

Appellant further contends that this court erred in finding that there was sufficient evidence to establish the necessary additional elements to make the offense of Disorderly Conduct a misdemeanor of the third degree under 18 Pa.C.S. §5503(b). This subsection, which addresses the grading of the offense, focuses upon the offender's *behavior*, not directly upon the public impact of the behavior. Commonwealth v. Fedorek, 946 A. 2d 93, 101 (Pa. 2008). In his Post Adjudication Motion, Counsel for Appellant argues that the evidence presented offered nothing to establish the juvenile

4

intended to cause substantial harm or serious inconvenience and nothing to establish that her actions increased the risk to public peace and safety beyond what could amount to a summary level disorderly conduct. However, Disorderly Conduct is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, *or if he persists in disorderly conduct after reasonable warning to desist.* **18 Pa.C.S. §5503(b)**. (emphasis added).

Mrs. Walker testified that after she was pushed into the hall she told the Appellant to go back to her seat at least two or three times, and the Appellant did not respond until she was prompted to do so by others, namely her peers. (T. P. 8/21/18, pg. 25). Appellant herself testified that she was told to sit down at least twice by Mrs. Walker after she had been pushed into the hallway. (T. P. 8/21/18, pg. 18). Mrs. Walker gave Appellant reasonable warning and ample opportunity to desist her behavior so that all students could be dismissed in a timely fashion without disruption of the school policy. Appellant instead continued her disorderly conduct by again attempting to get past Mrs. Walker and repeatedly questioning why she needed to return to her seat before ultimately pushing through another teacher at an alternate classroom exit and continuing down the hall where she was met by other school staff members. (T. P. 8/21/18, pg. 6-7).The combined testimony of Mrs. Walker and Appellant was sufficient to establish the necessary additional elements to make the offense of Disorderly Conduct.a misdemeanor of the third degree in accordance with 18 Pa.C.S. §5503(b).

5

This Court respectfully requests that the Order dated August 28, 2018, be affirmed.

By the Court,

Joy Reynolds McCoy, Judge

JRM/jel

c.    Superior Court
Kirsten Gardner, Esquire, Assistant District Attorney
Don Martino, Esquire
Gary Weber, Esquire (Lycoming Reporter)
Jerri Rook, Judge McCoy's Office