J-S44029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.C., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: S.C., MINOR | : : : : : : : | |
| | : | No. 2308 EDA 2025 |

Appeal from the Order Entered August 22, 2025
In the Court of Common Pleas of Montgomery County Juvenile Division
at No(s):  CP-46-JV-0000313-2025

BEFORE:  LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED MARCH 3, 2026**

S.C., a minor ("Petitioner"), files a "Petition for Specialized Review of Out of Home Placement in Juvenile Delinquency" ("Petition") pursuant to Pa.R.A.P. 1612.  Upon review, we dismiss this appeal because Petitioner's sole challenge is outside the scope of Rule 1612, as explained *infra*.

A detailed recitation of the factual and procedural history is unnecessary to our disposition.  Briefly, in April 2025, then-16-year-old Petitioner posted pictures of a firearm along with threats of self-harm on social media.  While doing a wellness check, law enforcement learned that Petitioner had gone to a party at a friend's house the night before while intoxicated and brandished a knife and gun at partygoers.  Petitioner admitted that, after drinking vodka all day, he stole the spare key to his Father's gun safe and took one of the guns from the safe to the party.

On June 6, 2025, Petitioner entered an open admission to Possession of a Firearm by a Minor, Simple Assault, and Possessing an Instrument of Crime, and Public Drunkenness.[1]  On August 22, 2025, after a disposition hearing, the court issued an order placing Petitioner in the North East Secure Treatment Unit.

Counsel for Petitioner timely filed the instant Petition pursuant to Rule 1612, which provides for expedited appellate review of out-of-home placement in juvenile delinquency matters.  Pa.R.A.P. 1612(a).  The Petition complies with the requirements set forth in Rule 1612(b).  *Id.* at 1612(b) (listing petition requirements).  On September 29, 2025, the juvenile court issued an opinion.

When reviewing a petition filed pursuant to Rule 1612, this Court "shall not consider any challenge to the juvenile court's selection of a specific agency or specific institution as the site of the out-of-home placement and instead **may consider only a challenge to the fact that the placement is out-of-home**."  *Id.* at 1612(c)(1) (emphasis added).  Furthermore, this Court "shall not consider any challenge to the underlying adjudication of delinquency." *Id.* at 1612(c)(2).  "The Juvenile Act grants broad discretion to juvenile courts in determining appropriate dispositions," and "this Court will not disturb the juvenile court's disposition absent a manifest abuse of discretion." *In Interest of J.G.*, 145 A.3d 1179, 1184 (Pa. Super. 2016).

_____

[1] 18 Pa.C.S. §§ 6110.1(a), 2701(a)(3), 907(a), and 5505, respectively.

- 2 -

Instantly, Petitioner argues that the juvenile court abused its discretion when it entered its August 22, 2025 disposition order committing Petitioner to North East Central Secure Treatment Unit, a state secure facility, and failed to consider the least restrictive alternative of placing Petitioner at Manos House Drug and Alcohol Rehabilitation Services, Inc., a non-secure residential treatment program. Petition at 8. Notably, both are out-of-home placements.

Pursuant to Rule 1612, Petitioner's challenge is outside the scope of our review. Because Petitioner fails to challenge the fact that the placement is out-of-home and only raises a "challenge to the juvenile court's selection of a specific agency or specific institution as the site of the out-of-home placement[,]" Rule 1612(c) mandates that this Court "shall not consider" the instant challenge. Pa.R.A.P. 1612(c)(1).

Since Petitioner's sole challenge is not cognizable under Rule 1612(c), we are constrained to dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/3/2026

- 3 -