J-S46018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF:  A.J.J., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF:  A.J.J., A MINOR | No. 183 MDA 2017 |

Appeal from the Dispositional Order January 13, 2017
In the Court of Common Pleas of Tioga County
Juvenile Division at No(s): CP-59-JV-0000025-2016

BEFORE:  BOWES, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 06, 2017**

Appellant, A.J.J., a minor, appeals from the dispositional order entered in the Juvenile Division of the Court of Common Pleas of Tioga County, following his adjudication of delinquency on two counts of aggravated indecent assault.[1]  We affirm.

The juvenile court accurately set forth the relevant facts and procedural history of this case in its opinion filed March 23, 2017. Therefore, we adopt the court's uncontested recitation as our own and shall not restate them.  *See* Juvenile Court Opinion, 3/23/17, at 1-3.

Appellant raises the following issue for our review:

---

[1] 18 Pa.C.S.A. § 3125(a)(1).

* Former Justice specially assigned to the Superior Court.

> Did the [juvenile c]ourt err in finding that the Commonwealth met its burden of proving beyond a reasonable doubt each element of the offense of [a]ggravated [i]ndecent [a]ssault[?]

Appellant's Brief at 7.

The issue included in Appellant's brief expressly contests the sufficiency of the evidence introduced by the Commonwealth. After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the juvenile court, we conclude Appellant's sufficiency challenge merits no relief. The court's opinion adequately and accurately addresses the issue. **See** Juvenile Court Opinion, 3/23/17, at 4-5 (crediting the victim's testimony from the adjudicatory hearing that, on two separate occasions, Appellant penetrated her vagina with his penis without consent and without a good faith medical, hygienic, or law enforcement purpose and further concluding that the victim's testimony alone constituted adequate grounds to sustain a conviction in a sexual assault case). Because the juvenile court has prepared a precise and thorough assessment of Appellant's sufficiency claim, we adopt the court's analysis as our own and deny relief for the reason stated therein.

Our review on this matter does not end here, however, as we turn now to Appellant's assertion that his delinquency adjudications were contrary to the weight of the evidence. Specifically, Appellant argues that the court relied solely on the victim's testimony and improperly overlooked that there was an ongoing sexual relationship between himself and the victim, that the

victim's testimony expressed only her isolated recollection of relevant events, that both Appellant and the victim continued their relationship after the assaults, that the victim delayed reporting the incidents to police, and that the Commonwealth failed to corroborate the events with third party witnesses or physical evidence. Under these circumstances, Appellant contends that his delinquency adjudications should shock one's sense of justice. *See* Appellant's Brief at 12-13.

The following principles guide our review of Appellant's weight claim.

"[T]he general rule in this Commonwealth is that a weight of the evidence claim is primarily addressed to the discretion of the judge who actually presided at trial." *Armbruster v. Horowitz*, 813 A.2d 698, 702 (Pa. 2002); *Commonwealth v. Edwards*, 903 A.2d 1139, 1148 (Pa. 2006). In reviewing a trial court's adjudication of a weight of the evidence claim, "an appellate court determines whether the trial court abused its discretion based upon review of the record; its role is not to consider the underlying question in the first instance." *Commonwealth v. Blakeney*, 946 A.2d 645, 653 (Pa. 2008). Thus, a weight of the evidence claim must be presented to the trial court so that it may address it in the first instance. *Commonwealth v. Widmer*, 689 A.2d 211, 212 (Pa. 1997)[; *s*]*ee also Commonwealth v. Karkaria*, 625 A.2d 1167, 1170 n.3 (Pa. 1993) ("An allegation that the verdict is against the 'weight' of the evidence is a matter to be resolved by the trial court.").

Once a weight of the evidence claim has been presented to the trial court, it then reviews the evidence adduced at trial and determines whether "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." [*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013)]. A trial court should award a new trial if the verdict of the fact finder "is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Id.* Stated

- 3 -

another way, "[a] weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013). These principles have been deemed equally applicable to the adjudication of weight of the evidence challenges brought in juvenile court proceedings. *McElrath v. Commonwealth*, 592 A.2d 740, 745 (Pa. 1991).

*In re: J.B.*, 106 A.3d 76, 94-95 (Pa. 2014) (parallel citations omitted).

Before we proceed to the substance of Appellant's weight claim, we are compelled to consider whether he sufficiently preserved this issue by first raising it in the juvenile court.[2] "The question of whether [an appellant] waived appellate review of his weight-of-the-evidence claim is a question of law, and, accordingly, our standard of review is plenary." *Id.* at 95. While the comment to Pa.R.Crim.P. 607 specifies that weight-of-the-evidence claims in criminal proceedings are waived unless they are raised with the trial court in a motion for a new trial, "the Pennsylvania Rules of Juvenile Procedure have no counterpart requiring the same manner of preservation." *In re: J.B.*, 106 A.3d at 91. Indeed, "the current Rules of Juvenile Court Procedure—which 'govern delinquency proceedings in all courts'—are utterly silent as to how a weight-of-the-evidence claim must be presented to the juvenile court so that it may rule on the claim in the first instance, which is

_____

[2] We note that Appellant failed to include his weight claim in his statement of questions involved, as required by Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). We shall overlook this omission, however, as it has not hampered our review.

... a necessary prerequisite for appellate review." *Id.* at 98 (footnote omitted). Pa.R.J.C.P. 620(A)(2) governs the filing of what it expressly designates as an "optional post-dispositional motion." *See* Pa.R.J.C.P. 620(A)(2) ("Issues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues."). The relevant case law holds that where a juvenile raises his weight claim for the first time in a concise statement under Rule 1925, the claim is sufficiently preserved for purposes of appellate review. *See In re: J.B.*, 106 A.3d at 96-99 (declining to find waiver where juvenile included weight claim in concise statement and trial court considered the issue in its Rule 1925(a) opinion); *see also In the Interest of J.G.*, 145 A.3d 1179, 1187-1188 (Pa. Super. 2016).

It is uncontested that Appellant did not file post-dispositional motions. Instead, Appellant referenced his challenge to the weight of the evidence for the first time in his Rule 1925(b) statement and the juvenile court rejected his claim in its Rule 1925(a) opinion, finding that the victim was more credible than Appellant and that the victim's testimony, standing alone, was sufficient to sustain an adjudication. *See* Juvenile Court Opinion, 3/23/17, at 3 and 5. Under these circumstances, we conclude that Appellant

preserved his weight claim for purposes of appellate review. Hence, we address the claim.[3]

Within the context of our limited review of challenges to the weight of the evidence, and given the well-settled principle that we are to defer to the juvenile court on issues of credibility, we are satisfied that this matter does not warrant a new adjudicatory hearing. There is ample support in the certified record for the findings and inferences drawn by the juvenile court. In the absence of circumstances that disclose a palpable abuse of discretion, we are without grounds to upset the challenged ruling and the trial judge's reasons should prevail. **See Clay**, 64 A.3d at 1054–1055 ("[a] new trial should not be granted because of a mere conflict in the testimony"). Because the court acted well within the limits of its judicial discretion in rejecting Appellant's weight claim, the adjudications in this case do not shock one's sense of justice and we therefore conclude that Appellant's weight claim lacks merit.

_____

[3] We acknowledge the procedure followed by prior appellate courts that have remanded cases under similar circumstances to give the appellant the opportunity to file, *nunc* pro *tunc*, post-dispositional motions challenging the weight of the evidence. **See In re: J.B.**, 106 A.3d at 99; **see also In the Interest of J.G.**, 145 A.3d at 1188. We decline to follow that procedure in this instance. The facts of this case are very straightforward and the juvenile court has adequately explained its reasons for rejecting Appellant's weight challenge. We need nothing more to undertake our assessment of the manner in which the juvenile court exercised its discretion.

Because we rely upon the juvenile court's opinion in deciding this case, the parties are directed to attach a copy of the juvenile court's March 23, 2017 opinion to any future filings regarding this appeal.

Order of disposition affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2017

IN THE INTEREST OF

A.J.J.

FILED
TIOGA COUNTY, PA
2017 MAR 23 PM 3: 55
PROTHONOTARY
CLERK OF COURTS

:IN THE COURT OF COMMON PLEAS

:OF TIOGA COUNTY, PENNSYLVANIA

:NO. 25 JV 2016

:OPINION

The juvenile, A.J.J., appeals this Court's Dispositional Order entered January 13, 2017. As set forth more fully below, that Order should be affirmed.

## BACKGROUND

A.J.J. and the victim, K.R., both high school students, began a dating relationship in April, 2015. Shortly thereafter they started a sexual relationship. Their dating relationship lasted until the end of August, 2015. They briefly continued a sexual relationship after their dating relationship ended. Most of the sexual contact between A.J.J. and K.R. during their relationship was consensual. There were, however, two occasions when the contact was non-consensual.

The first non-consensual incident occurred sometime between July 15, 2015 and July 20, 2015. This incident took place around two or three in the afternoon in the downstairs of the residence where K.R. resided with her parents. K.R. and A.J.J. were talking when A.J.J. began asking to have sexual intercourse. K.R. responded that she did not want to. At that point, A.J.J. told K.R. to sit on the floor next to him. He then turned her around over on the couch and pushed her down with his forearm so she could not get up. K.R. kept saying "no, I don't want to" and A.J.J. just told her to stop and relax. K.R. was facing the back of the couch, she was bent over the seat, and A.J.J. was behind her. A.J.J. then proceeded to penetrate K.R.'s vagina with his penis and began having sexual intercourse with her while K.R. told him to stop. K.R. was crying at this point. K.R.'s arms were behind her and A.J.J.'s forearm was on her back. K.R. was crying during this time and telling A.J.J. to stop. This went on for approximately twenty

1

Appendix A

minutes. A.J.J. finally stopped because K.R. was able to get him off of her when he went to take her underwear off. K.R.'s father was upstairs during this incident.

After the incident K.R. was crying and A.J.J. asked her why. K.R. told him why and A.J.J. apologized and said, "I'm sorry, I didn't hear you." The two continued to hang out the rest of the day until nine or ten o'clock, including having dinner with K.R.'s parents.

Another nonconsensual encounter occurred between the K.R. and A.J.J. sometime between August 1, 2015 and August 14, 2015 around three in the afternoon. This incident again took place in the home K.R. resides with her parents. This time K.R. and A.J.J. were upstairs watching DVD's and talking while K.R.'s father was asleep downstairs. The incident again began with A.J.J. asking K.R. to have sexual intercourse and K.R. saying she did not want to. A.J.J. then went around K.R. and laid on top of her. K.R. responded by saying get off and that she was not doing that at that time. A.J.J. moved K.R.'s skirt up and then moved her underwear to the side. He then penetrated K.R.'s vagina with his penis and had sexual intercourse with her. She was able to push him of her twice. The first time he just got back on top of her and kept going and the second time he stopped. During the incident A.J.J. told K.R. to relax and K.R. kept saying stop, no, get off me. The incident lasted approximately ten minutes. K.R. and A.J.J. continued to hang out that day after the incident took place.

Officer Stager of the Mansfield Borough Police Department was first notified of these incidents on February 1, 2016. A petition Alleging Delinquency was filed by Tioga County Juvenile Probation Officer Mary Jackson on July 13, 2016 alleging two counts of Aggravated Indecent Assault, a felony of the second degree in violation of 18 §3125(A)(1). The Court adjudicated A.J.J. delinquent on the charges after a hearing on September 9, 2016. Both K.R.

2

and A.J.J. testified at the adjudicatory hearing with A.J.J. denying the allegations. The only other witness was Officer Stager.

A dispositional hearing was set for December 5, 2016 but was continued due to the illness of A.J.J.'s attorney and rescheduled for January 12, 2017. As a result of the dispositional hearing the Court placed A.J.J. on probation with the Tioga County Juvenile Probation Department. A.J.J. did not file any post adjudication or post dispositional motions but he filed a timely Notice of Appeal and complied with the Court's Order to file a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal.

## ISSUES

In Appellant's Rule 1925(b) concise statement of matters complained upon on appeal appellant states "[t]he trial court erred in finding that the Commonwealth met its burden of proving beyond a reasonable doubt that [A.J.J.] engaged in conduct which, if committed by an adult, would constitute acts of Aggravated Indecent Assault." The rest of Appellant's statement sets out his version of the facts. The Court will consider Appellant's appeal as questioning both the sufficiency and the weight of the evidence in the case.

## DISCUSSION

When a juvenile challenges the sufficiency of the evidence the question is "whether the evidence and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, were sufficient to enable the fact-finder to find every element of the crime charged beyond a reasonable doubt." In re J.M., 89 A.3d 688, 691 (Pa.Super. 2014)(quoting In re T.G., 836 A.2d 1003, 1005 (Pa.Super. 2003)). In a sexual assault

3

prosecution the testimony of the victim, standing alone, is sufficient for an adjudication of delinquency. In the Interest of J.R., 648 A.2d 28, 33 (Pa.Super. 1994).

Here A.J.J. was alleged to have committed acts that if committed by an adult would constitute the crime of Aggravated Indecent Assault. A person commits Aggravated Indecent Assault when a person "engages in the penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures" without the complainant's consent. 18 Pa.C.S. § 3125(a)(1). K.R. testified at the adjudicatory hearing that on two separate occasions A.J.J. penetrated her vagina with his penis without her consent. K.R. also testified that A.J.J. had no good faith medical, hygienic or law enforcement purpose for such action. As a victim's testimony alone is enough to satisfy the sufficiency of the evidence requirement, the Commonwealth clearly presented sufficient evidence to uphold A.J.J.'s delinquency adjudication.

Generally, "the weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses." Commonwealth v. Marks, 705 A.2d 1095, 1098 (Pa.Super, 1997)(quoting Commonwealth v. Simmons, 662 A.2d 621, 630 (Pa.Super. 1995)). The findings of the factfinder will not be reversed unless it is "so contrary to evidence as to shock one's sense of justice." Id.

In the present case the Commonwealth called one witness, the victim K.R. The appellant called two witnesses, the juvenile A.J.J. and Officer Stager. Officer Stager's testimony was extremely brief and limited only to the date he was first contacted about the incidents and the fact that his "Call Summary Report" does not indicate that K.R. said anything about her and

4

A.J.J. going down stairs. The only evidence either side presented regarding the incidents in question was the testimony of the two individuals present at the time the incidents took place. No physical evidence was presented. K.R. testified that while the two were engaged in a dating and consensual sexual relationship there were two separate incidents where A.J.J. penetrated her vagina with his penis without her consent as she told him to stop. A.J.J. testified that these incidents did not occur. As no other evidence was put on by either side the case came down to a question of credibility between K.R. and A.J.J.

The Court, as the fact finder, was free to believe all, part, or none of the evidence presented and to determine the credibility of the witnesses. In that role, the Court found K.R.'s testimony to be more credible than A.J.J.'s and her descriptions of what took place to be truthful. As the victim's testimony alone is enough to uphold a conviction in sexual assault cases, no evidence besides the testimony was put on, and the determination K.R.'s testimony was more credible than A.J.J.'s, the adjudication of delinquency is not "so contrary to evidence as to shock one's sense of justice." Therefore Appellant's weight of the evidence claim must fail.

## CONCLUSION

For the foregoing reasons the Court's Order adjudicating A.J.J. delinquent should be upheld.

By the Court,

Hon. George W. Wheeler, President Judge

CERTIFIED TRUE AND CORRECT
Tioga County Prothonotary
And Clerk of Courts

Cc: Anne K. Leete, Esq.
District Attorney

5