J-S74033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: R.F., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: R.F., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 606 EDA 2016 |

Appeal from the Dispositional Order January 25, 2016
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-JV-0002488-2015

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                     **FILED FEBRUARY 27, 2018**

R.F., a minor, appeals from the dispositional order of January 25, 2016, following his adjudication of delinquency for robbery and conspiracy to commit robbery.[1]  We affirm.

In November 2015, the complainant, K.C., had just finished riding his bicycle with a friend, when he approached his home in Philadelphia.  Upon approaching his home, K.C. saw about ten boys across the street, including Appellant and his co-defendant, J.S.  Notes of Testimony (N.T.), 1/4/2016 at 4, 6-7.  One of the boys, known only as Tymir, walked up to K.C. and grabbed him by the shirt.  *Id*. at 5.  Tymir claimed that K.C. owed him money for marijuana.  *Id*. at 5, 12-13.  K.C. denied any debt, grabbed Tymir's shirt, and the two began to tussle.  *Id*. at 5, 13.  At that time, the boys who were sitting

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(iv) and 903, respectively.

across the street walked over to where he and Tymir were tussling. *Id*. at 6, 13.

K.C. testified that the boys grabbed him, then punched, kicked, and kneed him for about thirty minutes. *Id*. at 8, 13-14. K.C. identified Appellant as a member of the group, but could not determine who was punching, kicking, or kneeing him, as he had bent over and covered his head. *Id*. at 7, 13-14. K.C. could not be sure that all ten boys participated in the onslaught. *Id*. at 20. K.C. testified that he "saw [Appellant] at the scene. Everybody as a group, but I did not see him hit me, because I had my head down." *Id*. at 16. K.C. also testified that he knew Tymir and Appellant to hang out prior to the incident. *Id*. at 11.

After the group stopped beating him, they began to beat K.C.'s friend, and K.C. went to get help. *Id*. at 8. Then K.C. saw one of the boys pick up K.C.'s bike and walk away with the rest of the group. *Id*. at 17. K.C. could not discern who walked away with the bike. *Id*. K.C. testified that he suffered no injuries or pain because of the incident. *Id*. at 9. The bike, which cost $300, was not recovered. *Id*. at 10.

K.C. was the only witness at the hearing on January 4, 2016, and no exhibits were entered. *Id*. That same day, the juvenile court found that Appellant committed the acts of robbery and conspiracy to commit robbery, both graded as felonies of the second degree, and entered a dispositional order requiring Appellant to pay restitution as part of an adjudication of delinquency. On January 25, 2016, following a dispositional hearing, the

juvenile court entered a second dispositional order requiring that Appellant placed at the Glen Mills School for Boys. *See* Dispositional Hearing Order, 1/25/16, at 2; Statement in Absence of Transcript Pursuant to Pa.R.A.P. 1923.

Appellant timely filed a notice of appeal in February 2016. In March 2016, the court issued an order directing the filing of a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In April 2016, Appellant timely filed a statement of errors, which outlined that the Appellant was unable to assert any errors as he had not received any notes of testimony. Appellant contemporaneously filed a motion for extension of time to comply with the juvenile court's order upon receipt of the complete notes of testimony. The juvenile court took no action on Appellant's request for an extension of time.

In October 2016, the juvenile court issued an Opinion, explaining that it found much of K.C.'s testimony not credible. Juvenile Court Opinion, 10/12/2016, at 1, 4. Specifically, the juvenile court rejected K.C.'s testimony that (1) he went to get assistance when the group of boys beat his companion and that (2) K.C. suffered no injury as a result of his beating from the group of boys. *Id*. at 1, 4.[2] In this Court, Appellant timely filed a motion to remand the matter for filing of a supplemental 1925(b) statement and to obtain the

---

[2] In its opinion, the juvenile court suggested that K.C.'s companion provided information that he was uninjured following this incident. Juvenile Court Opinion, 10/12/2016, at 1. However, this is not supported by the record as K.C. was the only individual to testify, did not testify as to his companion's injuries, and no exhibits were entered. *Id*.

outstanding notes of testimony from the dispositional hearing. This Court granted the motion and remanded the matter to the juvenile court with instructions (1) to have the notes of testimony from the dispositional hearing made available within thirty days of the remand, (2) to permit Appellant to file a supplemental statement of errors, and (3) for the juvenile court to file a supplemental opinion in response to Appellant's supplemental statement of errors.

However, the judge who presided over the hearing retired. Statement in Absence of Transcript, 2/28/2017, at 2. Additionally, notes of testimony from the dispositional hearing were unavailable, and Appellant submitted a statement in absence of transcript to complete the record. *Id*. In February 2017, Appellant filed a supplemental statement of errors raising detailed challenges to the sufficiency and weight of the evidence. In June 2017, the Philadelphia Court of Common Pleas Family Division sent a letter to this Court providing that no opinion was filed in the instant matter as the juvenile court judge was no longer on the bench. Letter, 6/30/2017, from Jennifer E. Haughton, to Office of the Prothonotary.

Appellant presents the following questions for our review:

1. Was not the evidence insufficient as a matter of law to find Appellant guilty of robbery as a felony of the second degree, 18 Pa.C.S. § 3701(a)[(1)(iv)], and conspiracy to commit robbery as a felony of the second degree, 18 Pa.C.S. § 903, because the evidence failed to establish beyond a reasonable doubt that Appellant intended to commit, committed, or agreed to commit a theft or took part in any act or agreement which caused or intended to cause the complainant bodily injury, and the conviction resulted

from mere speculation, mere presence at the scene, and guilt by association, especially considering the juvenile court found the sole witness [not credible] and did not believe an assault occurred?

2.    Was not the verdict against the weight of the evidence because the juvenile court found the complainant unbelievable, and the complainant did not see or hear Appellant engage in any criminal conduct, did not see Appellant take any of the complainant's items, no items were ever recovered, and despite Appellant's failure to file a post-dispositional motion, is Appellant permitted to raise the issue in his Statement of Errors, *In re J.G.*, 145 A.3d 1179 (Pa. Super. 2016)?

Appellant's Brief at 4 (some formatting added).

In its first issue, Appellant claims that the evidence was insufficient to sustain his adjudication of delinquent. Appellant's Brief at 12-24. According to Appellant, the sole evidence presented, the testimony of a witness that the court admittedly found largely not credible, could not sustain the verdict and, even if believed, established the mere presence of the Appellant. *Id*. at 12-13.

We review Appellant's challenge to the sufficiency of the evidence as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Interest of J.B.*, 147 A.3d 1204, 1213–14 (Pa. Super. 2016) (citing *Commonwealth v. Brown*, 23 A.3d 544, 559–60 (Pa. Super. 2011) (*en banc*)), *appeal granted in part*, *In Interest of J.B.*, 169 A.3d 587 (Pa. 2017).

"A person is guilty of robbery if, in the course of committing a theft, he … inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S. § 3701(a)(1). "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S. § 3701(a)(2). Additionally, a robbery is complete if there is the taking in the presence of the owner rather than from his person. *Commonwealth v. Mullin*, 166 A.2d 555, 557 (Pa. Super. 1960).

A conviction for conspiracy requires the trier of fact to find:

(1) the defendant intended to commit or aid in the commission of the criminal act; (2) the defendant entered into an agreement with another (a "co-conspirator") to engage in the crime; and (3) the defendant or one or more of the other co-conspirators committed an overt act in furtherance of the agreed upon crime.

*Commonwealth v. Murphy*, 844 A.2d 1228, 1238 (Pa. 2004) (citing *Commonwealth v. Spotz*, 716 A.2d 580, 592 (Pa. 1998), and 18 Pa.C.S. § 903).

Additionally,

> [M]ere association with the perpetrators, mere presence at the scene, or mere knowledge of the crime is insufficient to establish that a defendant was part of a conspiratorial agreement to commit the crime. There needs to be some additional proof that the defendant intended to commit the crime along with his co-conspirator. Direct evidence of the defendant's criminal intent or the conspiratorial agreement, however, is rarely available. Consequently, the defendant's intent as well as the agreement is almost always proven through circumstantial evidence, such as by the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators. Once the trier of fact finds that there was an agreement and the defendant intentionally entered into the agreement, that defendant may be liable for the overt acts committed in furtherance of the conspiracy regardless of which co-conspirator committed the act.

*Commonwealth v. Golphin*, 161 A.3d 1009, 1019 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1051 (Pa. 2017) (citing *Murphy*, 844 A.2d at 1238 (citations and quotations omitted).

In the instant case, viewed in the light most favorable to the Commonwealth as verdict winner, the evidence and the reasonable inferences therefrom were sufficient to establish all of the elements of robbery and conspiracy to commit robbery, as Appellant, acting in concert with Tymir and the group of boys, established a "unity of criminal purpose." *Commonwealth v. French*, 578 A.2d 1292, 1294-1295 (Pa. Super. 1990) (finding relationships of sisters and their boyfriends coupled with their conduct before, during and after their collective assault on a victim established a unity of criminal purpose sufficient for the jury to find conspiracy beyond a reasonable doubt).

K.C.'s testimony established that Tymir approached K.C., claiming that K.C. owed him money. Following K.C.'s assertion that he did not owe money,

Tymir grabbed him by the shirt collar. At this juncture, Tymir had intentionally put K.C. in fear of immediate bodily injury in the name of a debt. K.C. noted that when he grabbed Tymir's shirt collar in response, he identified Appellant, an associate of Tymir, among the boys congregated across the street. K.C. was already tussling with Tymir when the boys from across the street came over to them. The group of boys then grabbed K.C. and collectively beat him. Although K.C. could not discern who specifically hit, kicked, or kneed him, K.C. identified Appellant as one of the boys who was at the scene and beat him. After the altercation, one of the members of the group picked up K.C.'s bike and left with the group.

The evidence believed by the juvenile court as a fact finder was sufficient to establish that Appellant manifested an intent and agreement to rob K.C. when he and others converged around K.C. following Tymir's asserted grievance and grip on K.C.'s shirt collar. The juvenile court believed K.C's testimony that Appellant participated in beating K.C. This overt act completed the conspiracy, which was furthered by the taking of K.C.'s bicycle from his presence and the group of boys walking away together with it. Additionally, Appellant and Tymir were known to hang out prior to the incident. These facts, viewed together, where sufficient to establish a "unity of criminal purpose" and convict Appellant of conspiracy to commit robbery and robbery. *French*, 578 A.2d at 1294–95.

We also note that Appellant's argument attacks the *credibility* of K.C. An argument regarding the credibility of a witness's testimony "goes to the

weight of the evidence, not the sufficiency of the evidence." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281–82 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010). As such, we address Appellant's credibility concerns in his next issue.

Appellant contends in his second claim that the verdict is against the weight of the evidence, as K.C.'s testimony was uncorroborated and incredible. ***See*** Appellant's Brief at 25.[3]

The following well-settled principles apply to our review of a weight of the evidence claim:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the ... verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> ***Commonwealth v. Small***, 741 A.2d 666, 672-73 (Pa. 1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003), *cert. denied*, 542 U.S. 939 (2004) (most internal citations omitted).

---

[3] As discussed, *infra*, Appellant correctly states that his challenge to the weight of evidence, raised in the first instance in his 1925(b) statement, is preserved pursuant to ***In re J.G.,*** 145 A.3d 1179 (Pa. Super. 2016), and may be properly addressed by this Court in the permanent absence of the juvenile court judge. Appellant's Brief at 29-31.

"The general rule in this Commonwealth is that a weight of the evidence claim is primarily addressed to the discretion of the judge who actually presided at trial." **Armbruster v. Horowitz**, 813 A.2d 698, 702 (Pa. 2002). Further,

> "[w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review."

**Commonwealth v. Trippett**, 932 A.2d 188, 198 (Pa. Super. 2007) (quoting **Commonwealth v. Rossetti**, 863 A.2d 1185, 1191 (Pa. Super. 2004) (citation omitted). "This Court applies the same standard for reviewing weight of the evidence claims in juvenile cases as those involving adults." **In re R.N.**, 951 A.2d 363, 370 (Pa. Super. 2008), called into question on other grounds, **In re J.B**., 106 A.3d 76 (2014).

In **In re J.G.,** this Court relied on controlling precedent to hold that, unlike adult criminal cases, in juvenile delinquency matters the failure to preserve a weight of the evidence challenge in a post-dispositional motion does not result in automatic waiver of the claim on appeal.[4] **In re J.G.**, 145

---

[4] Specifically, this Court reasoned:

While the comment to Pa.R.Crim.P. 607(A) specifies that weight of the evidence claims in criminal proceedings are waived unless they are raised with the trial court in a motion for a new trial, "the Pennsylvania Rules of Juvenile Procedure have no counterpart requiring the same manner of preservation." **In re J.B.**, 106 A.3d at 91. Indeed, "the

A.3d at 1187 (citing **In re J.B.**, 106 A.3d at 91). Due to a lack of guidance in the current Rules of Juvenile Court Procedure, a juvenile may properly preserve a weight of the evidence claim by raising it for the first time in his Pa.R.A.P. 1925(b) statement, and we will remand the matter to the juvenile court to allow the juvenile to file a post-dispositional motion *nunc pro tunc*. **In re J.G.**, 145 A.3d at 1187–88; **see also In re J.B.**, 106 A.3d at 99; **Commonwealth v. Widmer**, 547 A.2d 137, 139 (Pa. 1997).

However, in this instance, a remand to grant the juvenile court the jurisdiction to act on a challenge to the weight of the evidence would be of no avail, as the presiding juvenile court judge is no longer available to consider Appellant's claim. **See Widmer**, 547 A.2d at 139. In such circumstances, our Supreme Court has held that a properly preserved claim must be reviewed by the appellate tribunal in the first instance. **Armbruster v. Horowitz**, 813 A.2d 698, 705 (Pa. 2002).

_____

current Rules of Juvenile Court Procedure—which 'govern delinquency proceedings in all courts'—are utterly silent as to how a weight of the evidence claim must be presented to the juvenile court so that it may rule on the claim in the first instance, which is ... a necessary prerequisite for appellate review." *Id*. at 98 (footnote omitted). Pa.R.J.C.P. 620(A)(2) governs the filing of what it expressly designates as an "optional post-dispositional motion." **See** Pa.R.J.C.P. 620(A)(2) ("Issues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues").

**In re J.G.**, 145 A.3d at 1187 (some formatting added).

- 11 -

Here, the juvenile court functioned as fact-finder in the Appellant's adjudication, complete with the exclusive responsibility to determine K.C.'s credibility. K.C.'s testimony was the only evidence presented at the hearing. The juvenile court had the unique opportunity to observe K.C. firsthand and necessarily assessed K.C.'s credibility prior to adjudicating Appellant delinquent for acts constituting conspiracy and robbery. The juvenile court was free to believe all, some, or none of K.C.'s testimony, and as a result of an opinion particularly abundant in editorial commentary, we have some insight into the elements of testimony that the court found particularly not credible.

Bound as we are in this instance to the standards adhered to by a trial court considering an appellant's weight claim challenging a jury verdict, we "cannot grant a new trial 'because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion.'" *Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994); *see also Ambruster*, 813 A.2d 698, 705. Thus, we may only reverse the verdict if it is so contrary to the evidence as to shock one's sense of justice. *Small*, 741 A.2d at 672-73.

In this case, the verdict does not shock one's sense of justice. The juvenile court expressly provided that it "disbelieved much of the story told by [K.C.] under oath and believed with any certainty only the portion of the story in which [K.C.] had the [Appellant] taking part in the theft of their

bicycles [*sic*]." Juvenile Court Opinion, 10/12/2016, at 1, 4 (The juvenile court rejected K.C.'s testimony that (1) he went for assistance when the group of boys beat his companion and that (2) K.C. suffered no injury as a result of his beating from the group of boys). Additionally, the court specifically noted that it "recognized the force involved in taking [the bicycle.]" ***Id***. at 4. Accordingly, as we must defer to these credibility findings, we are constrained to deny Appellant relief. ***Brown***, 648 A.2d at 1189, ***Small***, 741 A.2d at 672-73.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18