J-S57019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BILAL SMITH | : | |
| | : | |
| Appellant | : | No. 969 EDA 2018 |

Appeal from the Judgment of Sentence February 20, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No.:  CP-23-CR-0005874-2017

BEFORE:   PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 04, 2018**

Appellant, Bilal Smith, appeals from the judgment of sentence following his bench trial conviction for driving under the influence (DUI)-general impairment.  Appellant purports to challenge the sufficiency of the evidence. We affirm.

In its opinion, the trial court correctly sets forth the relevant facts and procedural history of this case:

> On November 23, 2016, Officer Joseph Paul Dougherty, Jr., a K-9 Officer with the Chester City Police Department was on night time rotation, working the 8:00 PM to 4:00 AM shift.  Officer Dougherty testified that at 10:51 PM he was dispatched by DELCOM [Delaware County Law Enforcement Dispatch] to the 1100 block of Concord Road for a report of motor vehicle accident between a car and a utility pole with the description of the person being black male in dark clothing.
>
> Officer Dougherty arrived within seconds of receiving the dispatched call.  Officer Dougherty candidly testified that the

_____
\* Retired Senior Judge assigned to the Superior Court.

accident did not occur in his beat and if there was to be an investigation it would have been Officer [Gary] Richardson who would be the Officer in charge. Additionally, Officer Dougherty testified that Chester Housing Authority provides assistance to Chester City Police Officers.

Upon arriving at the accident scene, Officer Dougherty observed the front end of a Buick Le Sabre resting on the utility pole, the Officer observed that the Buick Le Sabre had heavy front end damage, with at least one air bag deployed and the utility pole was spilt and broken. It appeared to Officer Dougherty as if the occupant of the Buick Le Sabre had hit the windshield.

Upon arrival at the accident scene, Officer Dougherty observed Appellant standing within 10 to 15 feet of the Buick Le Sabre. Officer Dougherty observed that Appellant's clothing was covered in what appeared to be dust/powder; the Officer testified that the dust/powder has a similar appearance to dry wall dust or concrete. Officer Dougherty explained that upon arrival he exited his vehicle and asked Appellant, "what happened?" and "were you in the car?" Appellant informed the Officer that he had not been in the vehicle and he did not know what had happened to the Buick Le Sabre. Appellant then started walking west on Concord Road towards the Ruth L. Bennett Homes. At the same time that Appellant was leaving the area of the accident, a resident of the house near the scene exited the house and engaged in a conversation with Officer Dougherty. During this conversation, Officer Dougherty was informed that Appellant was the person in the car at the time of the accident. The person told Officer Dougherty that the man who was in the vehicle at the time of the accident "just walked that way," which was the same direction that Appellant had walked. The person also told Officer Dougherty that Appellant was the only one in the vehicle.

Based upon the conversation with the witness, Officer Dougherty radioed for all units to be on the lookout for a subject on foot walking westbound on Concord Road towards the Bennett Homes. Appellant was stopped by Chester Housing Authority officer, Officer [William John] Cooper and Chester City Police officer, Officer Richardson. Officer Dougherty testified that on scene, he was unable to locate the registration or, insurance information so he ran the Buick Le Sabre's registration and it came back through DELCOM as being registered to Appellant and another female. Officer Dougherty testified that when DELCOM read off the registration as belonging to Appellant, Appellant was stopped by

Officers Cooper and Richardson. Officer Dougherty testified that the registration for the vehicle was not found in the vehicle; rather, he was informed that the registration was recovered from the sock area of Appellant's pants.

At Trial, the Commonwealth presented a certified copy of the PennDOT vehicle transcript for the vehicle in this case a Buick Le Sabre with the license plate KFT-1836, which demonstrated that the vehicle in question was registered to Appellant and Danielle T. Duncan, with an address of 2011 Edgmont Avenue, Chester, Pennsylvania. *See* Commonwealth's Exhibit, C-1. Officer Dougherty testified that address listed on Commonwealth's Exhibit, C-1, was a mile to a mile and a half from the accident scene, in the opposite direction in which Appellant was walking.

Officer Dougherty saw no other persons while he was en route to the 1100 block of Concord Road nor did he observe anyone else except Appellant once he arrived on location. Officer Dougherty remained on scene until after the Buick Le Sabre was towed from the location and [Philadelphia Electric Company (PECO)] arrived on location. Officer Dougherty had no further involvement in this investigation.

Officer Cooper has been an officer there for eight years and is now a full time officer with Chester Housing Authority, as well as having been employed by Delaware County Park Police, Upland Borough Police, Colwyn Borough Police and East Whiteland Township Police in Chester County. On November 23, 2016, Officer Cooper was working as a Chester Housing Authority Officer and he testified that while working in that capacity Housing Authority Officers often monitor the Chester City police, Sector 3, radio transmissions and around 10:51 PM he heard a dispatch for a car accident at 1100 Concord Road. Officer Cooper was located in the Ruth L. Bennett Homes Section of Chester at the time of the DELCOM transmission, which is located two and a half to three blocks away from the accident location. Officer Cooper testified that he had to drive through the Ruth L. Bennett Homes development to reach the 1100 block of Concord Road and estimated it might have taken him three to four minutes to do so. In traveling eastbound to 1100 Concord Road, Officer Cooper did not observe anyone who appeared to [be] walking, running or staggering from the accident.

Officer Cooper arrived on location after Officers Dougherty and Richardson. Officer Cooper then left with Officer Richardson and

headed in the direction that the male had walked. Officers Richardson and Cooper came upon an individual in the area known as A field, an athletic football field with a track around it. Officers Cooper and Richardson stopped this individual as he was the only person walking westbound on Concord Road and upon stopping this individual Officer Cooper noticed that his upper body was covered in a fine dust, that based upon his seventeen years' experience as a police officer investigating numerous accidents, the Officer identified as air bag dust; this individual was later identified as Appellant. Upon approaching Appellant the officers were told that Appellant was walking from the car accident.

Officer Richardson, a patrolman with the Chester City Police Department, with nine years' experience as a Chester City Police Officer and as a security guard at Crozier Hospital was working the 8:00 PM to 8:00 AM shift on November 23, 2017 and became the officer in charge of the investigation of this car accident. Like Officers Dougherty and Cooper, Officer Richardson heard the DELCOM transmission at 10:51 PM of an accident with a pole in the area of the 1100 block of Concord Road. Officer Richardson was in the area of 9th and Kerlin in the City of Chester when he heard the DELCOM transmission and he arrived on see [sic] traveling northwest on Concord Road. While arriving on location, Officer Richardson heard another DELCOM transmission requesting officers look for a subject walking away from the vehicle heading west on Concord Road.

Officer Richardson saw a man walking in the area of Lamokin and Concord and stopped that individual as he was the only person in the area at that time. Upon making contact with the pedestrian identified as Appellant, Officer Richardson asked if he had been driving a vehicle, if he was in a vehicle and if anyone else was in the vehicle. While talking to Appellant, Officer Richardson observed that Appellant's eyes were slightly reddened, that there was the smell of alcohol and air bag dust on his person, Officer Richardson candidly testified that he did not recall seeing air bag powder on Appellant's person but that the powder does have a distinct smell. Officer Richardson was clear that he had investigated several car accidents in his tenure as a police officer and was familiar with the smell of air bag powder.

Upon speaking with Appellant, Officer Richardson noticed that Appellant's manner of speech was slow. After Officer Richardson asked Appellant to provide his identification, Appellant staggered towards Officer Richardson when handing him the identification.

- 4 -

Based upon the observations of Appellant, Officer Richardson determined that Appellant was under the influence, Officer Richardson did not request that Appellant engage in any field sobriety tests. Officer Richardson placed Appellant under arrest and as such conducted a pat down incident to arrest. During this pat down, Officer Richardson discovered a vehicle registration in Appellant's pant leg, which was tucked down into the bottom of the pant leg. The vehicle registration for the Buick Le Sabre was the registration on Appellant's person [which] contained the names of a female as well as Appellant and was the registration for the vehicle that hit the utility pole on the 1100 block of Concord Road. Appellant was then brought to Taylor Hospital[, where his blood was drawn, which was measured as having a blood alcohol content of 0.184%. N.T. Prelim. Hr'g, 9/26/2017, at 7.[1]] Officer Richardson learned from Officer Dougherty, the officer who was the first to arrive on the accident scene and who remained on the scene until the vehicle was towed and PECO arrived, that the utility pole struck by the vehicle registered to Appellant was split upwards.

Based upon all the information provided to Officer Richardson, including the statement of the witness, the observation of Officer Dougherty, the observations of Appellant's demeanor and person, . . . and since Appellant had the vehicle's registration on his person, Officer Richardson believed that Appellant was under the influence of alcohol that rendered him incapable of safely driving and that he had been driving the vehicle that was involved in the accident.

During the [t]rial, Appellant elected to testify in this case. Appellant testified that he was in the vehicle on November 23, 2016; however, he denied that he was operating the motor vehicle at the time of the accident. Appellant testified that he initially said he was not in the vehicle to protect the driver, who was his friend, who[m] he later identified as the brother of his child's mother. Appellant confirmed that the Buick Le Sabre was registered to him and to his daughter's Mother, Danielle Duncan.

Appellant admitted to being in Harrah's Casino that night and having a few beers and some wine and perhaps some Taylor's Port. Appellant testified that he happened to meet up with an

_____

[1] Appellant does not contest the results of his blood test. Appellant's Brief at 14.

individual that he testified was the brother of his child's mother. Appellant testified that he and the person he met at Harrah's were going to the same or similar location. Appellant testified that he was not close with the person who was driving, although he is the brother of his child's mother, had known him for almost sixteen years and let him drive the car that night. Appellant admitted that he was trashed and let the other person drive because he was drunk. Appellant also testified that he was unsure of how the accident occurred [sic] that he was asleep at the time.

Appellant confirmed that the air bag did deploy and in fact testified that both of the air bags deployed as a result of the accident. Appellant confirmed that there was damage to the front of the Buick L[e] Sabre, specifically the driver's side corner of the motor vehicle, which was the section that struck the utility pole. Appellant claimed to have lost consciousness as a result of the accident, exited the vehicle through the passenger side door. Appellant claimed that the driver climbed over him and exited the passenger door as the driver's side door was inoperable.

Contrary to the testimony of the three officers, Appellant testified that he did not leave the scene of the accident but in fact remained at the scene and was found standing there on the sidewalk. Appellant further testified that he spoke with all three officers and that at some point they all left him "zooming" west on Concord Road looking for the person whose description had been broadcast on DELCOM. Appellant testified that while the officers left the area, he went to the vehicle, got his belongings from the trunk and took his paperwork, including the registration from the vehicle and walked westward. Appellant testified that he was not able to stuff the paperwork in the book bag because he could not get it open so he stuffed it in his pants. Appellant testified that he was stopped by the police officers at some point while he was walking away from the accident scene, was arrested and was taken to Taylor Hospital and during all this time he never identified the person whom he says was driving.

Trial Court Opinion, filed May 10, 2018, at 4-10.

For clarity and completeness, we note that after the preliminary hearing the Commonwealth amended the charges by the addition of DUI-highest rate, 75 Pa.C.S.A. § 3802(c). Shortly before trial, with the agreement of defense

counsel, the Commonwealth withdrew the charge of DUI-highest rate, apparently over concern about problems of proof arising out of the United States Supreme Court's decision in ***Birchfield v. North Dakota***, 136 S. Ct. 2160, 2187 (2016).

On January 18, 2018, the trial court convicted Appellant of driving under the influence−general impairment.[2] ***See*** 75 Pa.C.S.A. § 3802(a)(1).

> On February 20, 2018, Appellant was sentenced by [the trial court] . . . to six months intermediate punishment, to be served as thirty (30) days in prison followed by thirty (30) days on the Electronic Home Monitor (EHM). Appellant was also to pay restitution in the amount of $9,188.17 less any insurance payments to PECO to be paid before costs. . . . Appellant was permitted to report on March 2, 2018 . . .
>
> \* \* \*
>
> Appellant filed a timely appeal [on] March 20, 2018. On March 22, 2018, th[e trial c]ourt issued an Order requiring Appellant's Counsel of record to submit a Concise Statement of Matters Complained of on Appeal within twenty one days. . . . On May 7, 2018, a Concise Statement of Matters Complained of on Appeal was filed of record[.]

---

[2] In pertinent part, section 3802 provides:

**(a) General impairment.—**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a) (1).

*Id.* at 2-3 (footnotes omitted).

Appellant's concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) raised two issues:

> 1.    The trial court erred in allowing the Commonwealth to question [Appellant] on cross-examination about his drinking on the night of his arrest.  The objection by defense counsel should have been sustained because the question relates to facts outside of the scope and irrelevant as it relates to his testimony on direct examination.
>
> 2.    The trial court erred in finding [Appellant] guilty because the Commonwealth failed to produce sufficient evidence for a finding that he committed the charged offense beyond a reasonable doubt.

Statement of Matters Complained of on Appeal, 5/7/2018, at ¶¶ 1-2.

In his brief, Appellant now raises only one question for our review, which we reproduce verbatim:[3]

> The trial court erred in finding [Appellant] guilty because the Commonwealth failed to produce sufficient evidence for a finding that he committed the charged offense beyond a reasonable doubt.

Appellant's Brief at 5.[4]

_____

[3] Accordingly, we deem Appellant's other issue to be abandoned.

[4] On October 22, 2018, counsel for Appellant filed an application to amend his brief, noting, without further identification or specification, "several omissions and minor errors in the printed version of the brief."  (Application to Amend Brief of Appellant, 10/22/18, at unnumbered page two).  Appellant does not present a proposed amended brief.  Nor does Appellant identify a misstatement of fact requiring correction, a new issue to be raised, or new authority requiring review.

Appellant challenges the sufficiency of the evidence. In reviewing the sufficiency of the evidence, our standard of review is well-settled. We review the evidence to determine,

> [W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. . . . Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Fortson**, 165 A.3d 10, 14–15 (Pa. Super.) (citation and internal brackets omitted) (some formatting added), *appeal denied*, 174 A.3d 558 (Pa. 2017).

Here, Appellant contends on appeal, that "[t]he trial court erred in convicting [him]" of DUI, "because the Commonwealth failed to produce sufficient evidence that he was ever driving the automobile on the night of the alleged offense" and thus "failed to prove **beyond a reasonable doubt** that [he] committed every element of the offense of which he was convicted." Appellant's Brief at 14 (emphasis in original).

However, Appellant's concise statement of errors complained of on appeal did not specify what element or elements of DUI the Commonwealth had purportedly failed to establish. **See** Statement of Matters Complained of on Appeal, 5/7/2018, at ¶ 2.

> [I]t should be noted that when challenging the sufficiency of the evidence on appeal, the appellant's court ordered Pa.R.A.P.1925(b) concise statement must specify the element or

elements upon which the evidence was insufficient in order to preserve the issue for appeal. If the appellant fails to conform to the specificity requirement, the claim is waived.

While the trial court did address the topic of sufficiency in its Rule 1925(a) Opinion, . . . this is of no moment to our analysis because we apply Pa.R.A.P.1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim. . . .

*Commonwealth v. Smyser*, ___ A.3d _____, 2018 PA Super 251, 2018 WL 4326689 at *3 (Pa. Super. filed Sept. 11, 2018) (internal brackets, citations, and quotation marks omitted); *see also In re J.G.*, 145 A.3d 1179, 1189 (Pa. Super. 2016) ("to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient").

In this appeal if Appellant wanted to raise and preserve a claim that the evidence was insufficient to establish DUI, his concise statement of errors had to specify the element or elements for which the evidence was insufficient. *See Smyser*, *supra* at *3, *see also J.G.*, 145 A.3d at 1189. Appellant's boilerplate statement did not. *See* Statement of Matters Complained of on Appeal, 5/7/2018, at ¶ 2. Accordingly, Appellant has waived this issue.

Moreover, even if Appellant had not waived his sufficiency issue, it would merit no relief. *See* Trial Ct. Op., 5/10/18, at 15-20 (eyewitness not required to establish that defendant was driving, operating, or in actual physical control of motor vehicle) (citing *Commonwealth v. Johnson*, 833 A.2d 260, 263

(Pa. Super. 2003)). Instructive to the instant case is **Commonwealth v. Young**, 904 A.2d 947 (Pa. Super. 2006), wherein this Court determined that where a witness observed a defendant standing near the driver's side of his vehicle after it crashed into a utility pole, that same witness provided a detailed description of the driver to a police officer who arrived within a minute of being dispatched, where the vehicle was registered in that defendant's name, where the car keys were found in his pocket and where a witness observed him running away from the scene, that all these facts established that the defendant was driving the vehicle despite not being seen driving the vehicle involved in the accident. **See Young**, **supra** at 951, 955-56.

In this case, a witness reported that a vehicle had crashed into a utility pole and gave a detailed description of the occupant. An officer, who arrived within seconds of being dispatched, observed Appellant – who matched the description given by the witness – standing near the vehicle. He learned that the vehicle was registered to Appellant. The police found the vehicle's registration forms on Appellant. The Commonwealth provided ample circumstantial evidence to establish Appellant was driving the vehicle when it struck the utility pole. **See id**.

Here, viewed in the light most favorable to the Commonwealth as verdict winner, these facts alone would have been sufficient to find that Appellant drove or operated the vehicle. As additional supporting evidence that Appellant drove or operated the vehicle, the police had the statement

from a witness −who had seen Appellant leaving the scene −that Appellant was the only occupant of the vehicle at the time of the collision. There was also testimony from officers that they had seen no other persons in the vicinity of the collision. Appellant's own testimony, (as amended), was that he was in the vehicle when it crashed into the pole. The trial court, as fact-finder, concluded Appellant was not credible where his testimony contradicted that of the officers.

Appellant has failed to preserve any issues for our review. Accordingly, we affirm the judgment of sentence. *See In re K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (stating that where issues are waived on appeal, we should affirm rather than quash). Moreover, Appellant's challenge to the sufficiency of the evidence would not merit relief. Furthermore, in the exercise of judicial discretion, we determine that Appellant has failed to provide a sufficient basis for the grant of permission to amend his brief, or delay our disposition.

Judgment of sentence affirmed. Application to amend denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/18