J-S25037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: G.Y.,<br>A MINOR | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: G.Y., A MINOR | : | No. 2022 MDA 2018 |

Appeal from the Dispositional Order Entered October 16, 2018
in the Court of Common Pleas of York County
Juvenile Division at No(s):  CP-67-JV-0000236-2017

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 28, 2019**

G.Y., a minor, appeals from the Dispositional Order entered following his adjudication of delinquency for the offenses of robbery, criminal conspiracy, simple assault, and theft by unlawful taking.[1]  We affirm.

On January 18, 2017, the victim, age 19, was riding his blue, 20-inch BMX bicycle to his sister's house when he was stopped in an alley by a group of male juveniles.  With the exception of one individual in red clothes, the juveniles wore dark, hooded clothing.  The victim, who is autistic and developmentally delayed, was pushed off his bike and beaten.  The group of juveniles stole the victim's bike and his iPhone.  Although injured, the victim was able to walk to his sister's house, at which point the victim's sister contacted the police.

---

[1] *See* 18 Pa.C.S.A. §§ 3701, 903, 2701, 3921.

York City Officer Ritchie Blymier ("Officer Blymier") responded to the area of the attack, spoke with bystanders, and interviewed the victim. Shortly thereafter, Officer Blymier located a group of juveniles matching the descriptions provided by the victim and bystanders, congregated in front of 239 and 241 South Belvidere Street, York, Pennsylvania. G.Y. indicated to Officer Blymier that he resided at 241 South Belvidere Street. Officer Blymier proceeded to the rear of that property and discovered a bike matching the description provided by the victim. The victim later identified the bike as his. In subsequent days, the victim's iPhone was produced to the police by the parents of another juvenile involved in the attack.

The juvenile court adjudicated G.Y. delinquent of the above-mentioned offenses at a fact-finding hearing on April 20, 2018 (the "hearing"). At the hearing, the following evidence was presented by the Commonwealth:

- A third-party surveillance video depicting G.Y. leading a group of juveniles out of the alley prior to the attack, turning around to look into the alley, walking back into the alley, catching the attention of the other juveniles, leading the group back into the alley, and emerging from the alley with the group, including those who were riding the victim's bike and re-enacting the assault of the victim;  **See** N.T., 4/20/18, 38-44.

- Testimony from Officer Blymier as to the surveillance video, his discussion with G.Y., which affirmed G.Y.'s residence as 241 South Belvidere Street, and his discovery of the bike at G.Y.'s residence. **See id.** at 27-48.

- Testimony from the victim as to the details of the attack, including that he was confronted by one individual who then "got the rest of the kids," and that he was beaten by several individuals, the injuries he sustained, and the property stolen. **See id.** at 3-21.

- Testimony from the victim's mother as to the injuries the victim sustained, the property stolen, the value of the property stolen, and the impact of the attack on the victim. ***See id.*** at 21-27.

At G.Y.'s request, adjudication was deferred pending a social investigation. Thereafter, G.Y. was adjudicated delinquent on October 16, 2018. Following entry of the Dispositional Order, G.Y. filed a Motion in arrest of judgment on November 16, 2018, which was denied on November 27, 2018. G.Y. filed a timely Notice of Appeal on December 7, 2018, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement on December 13, 2018.

On appeal, G.Y. raises the following question for our review:

Did the [juvenile] court err in its Order of November 27, 2018, affirming its Order dated [October 16], 2018, in which the court adjudicated G.Y. delinquent, when the evidence was insufficient to support G.Y.'s adjudication of [delinquent] of robbery; criminal conspiracy; theft by unlawful taking and simple assault?

Brief for Appellant at 4 (capitalization omitted).

When examining a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, this Court employs the following standard of review:

When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to

find every element of the crime charged. ***The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.***

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder of fact is free to believe some, all, or none of the evidence presented.

***In re J.G.***, 145 A.3d 1179, 1188 (Pa. Super. 2016) (emphasis added).

It is "not necessary that each piece of evidence be linked to the defendant beyond a reasonable doubt. It is only necessary that each piece of evidence include the defendant in the group who could be linked while excluding others, and that the combination of evidence link the defendant to the crime beyond a reasonable doubt." ***Commonwealth v. Sullivan***, 371 A.2d 468, 478 (Pa. 1977).

G.Y. asserts that, although the Commonwealth proved beyond a reasonable doubt that the victim was beaten and his property stolen, the Commonwealth failed to prove beyond a reasonable doubt that G.Y. was involved.[2] ***Id.*** at 13. G.Y. acknowledges that he was present at the scene, but contests his possession of the bicycle or iPhone. ***Id.*** G.Y. emphasizes

---

[2] G.Y. does not develop distinct arguments as to each of the offenses for which he was adjudicated delinquent. Instead, he addresses all crimes in one, cumulative argument. ***See*** Brief for Appellant at 13-18. Nonetheless, we will address each offense.

that the surveillance video shows him walking away from the scene after the attack had ceased, as opposed to running away or reenacting the beating with co-conspirators. *Id.* at 14. This, he contends, evidences a lack of consciousness of guilt. *Id.* Additionally, G.Y. claims that there was "no evidence of agreement between G.Y. and any other person or persons that they or one or more of them would commit the robbery." *Id.* at 16. He further states that "[n]o evidence was presented from any alleged co-conspirator implicating G.Y." *Id.* at 16-17.

The Crimes Code defines the relevant offenses as follows:

**§ 3701.  Robbery**

**(a)  Offense defined.--**

(1)  A person is guilty of robbery if, in the course of committing a theft, he:

…

(iv)  inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury….

18 Pa.C.S.A. § 3701(a).

**§ 903.  Criminal conspiracy**

**(a)  Definition of conspiracy.--**  A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1)  agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

    (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a).

### § 2701. Simple assault

**(a) Offense defined.--** Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

    (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another….

18 Pa.C.S.A. § 2701(a).

### § 3921. Theft by unlawful taking or disposition

**(a) Movable property.--** A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S.A. § 3921(a).

Essentially, G.Y. argues "mere presence" as to all crimes and fails to address which elements of the crimes were not satisfied by the evidence.[3] Brief for Appellant at 13-18. However, viewing the evidence in the light most favorable to the Commonwealth, the evidence presented at the hearing

---

[3] We note that an argument of "mere presence" pertains only to the offense of criminal conspiracy. We further note that, although "mere presence," alone, will not support a conviction of criminal conspiracy, G.Y.'s admission does establish his presence in the alley when the victim was attacked. *See* ***Commonwealth v. Kimbrough***, 872 A.2d 1244, 1256 (Pa. Super. 2005) (stating that it is "well settled that mere presence at the scene of a crime is not enough to establish accomplice liability"); ***see also*** Brief for Appellant at 13 (wherein G.Y. acknowledged his presence at the location of the attack).

established more than G.Y.'s "mere presence" at the scene, and was sufficient to prove the necessary elements of each crime charged beyond a reasonable doubt.

As to robbery, the evidence, viewed in the light most favorable to the Commonwealth, established that G.Y., and other members of the group, injured the victim while stealing the victim's property. We specifically note that the victim's bike was found at G.Y.'s residence, and draw attention to the victim's testimony that he was punched in the face repeatedly and "stomped" on his face, arms, and legs while his bike was stolen. **See** N.T., 4/20/18, 15-16, 33-34.

As to criminal conspiracy, proof of an explicit, formal agreement to conspire to commit a crime is seldom available and unnecessary to sustain a conviction of criminal conspiracy. **See Commonwealth v. Murphy**, 844 A.2d 1228, 1238 (Pa. 2004) (providing that direct evidence of a conspiratorial agreement is rare and that such an agreement may be proven through circumstantial evidence); **see also Commonwealth v. Yong**, 120 A.3d 299, 312 (Pa. Super. 2015) (providing that "where the conduct of the parties indicates that they were acting in concert with a corrupt purpose, the existence of a criminal conspiracy may be properly inferred.")

Here, the circumstantial evidence, viewed in the light most favorable to the Commonwealth, established that G.Y. agreed with the remainder of the group to assault the victim and steal the victim's property. We specifically

note that, although the surveillance video does not depict the actual attack, it depicts G.Y. looking into the alley; G.Y. entering the alley; G.Y. catching the attention of the group of juveniles; and, ultimately, the group leaving the alley with the victim's bike. **See** N.T., 4/20/18, 39-40, 42-43; **see also** Juvenile Court Opinion, 1/4/19, at 3,5 (wherein the juvenile court found that the video "clearly showed [G.Y.] separating from the group of kids who were walking down the street[,] going into the alley where [the victim] was located. Thereafter, the video shows the rest of the kids follow [G.Y.] into the alley" and "then shows [G.Y.] leaving the alley with the rest of the group"). We further emphasize the victim's testimony that he was initially stopped in the alley by an individual, later identified in the surveillance video as G.Y., who "went to the side and got the rest of the kids," and that he was beaten by "probably ten" individuals at the same time. **Id.** at 6, 17.

As to simple assault, the evidence, viewed in the light most favorable to the Commonwealth, established that G.Y. and his co-conspirators intentionally caused bodily injury to the victim. The testimony elicited at the hearing established that the victim was not only fearful of physical violence but actually sustained physical injury to his face, arms, and legs. **See N.T.**, 4/20/18, 7-8 (wherein the victim testified that he was "punched" and "stomped in the face, the arm and legs" by numerous individuals); **see also id.** at 22-23 (wherein the victim's mother testified as to the victim's black eyes, bruises and swelling in his face and limbs, and upset demeanor following

the attack.) We further note that even if G.Y. did not personally touch the victim, a conspirator is liable for all actions of his co-conspirators taken in furtherance of the conspiracy. *See Commonwealth v. Lambert*, 795 A.2d 1010, 1022 (Pa. Super. 2002).

As to theft by unlawful taking, the evidence, viewed in the light most favorable to the Commonwealth, established that G.Y. exercised unlawful control over the victim's bike, with the intent to deprive the victim thereof. We specifically note that Officer Blymier located the victim's bike at the rear of G.Y.'s residence shortly after the attack. *See* N.T., 4/20/18, 33-34.

Based upon the foregoing, we agree with the juvenile court that there was sufficient evidence to support G.Y.'s adjudication of delinquency for robbery, criminal conspiracy, simple assault, and theft by unlawful taking.

Dispositional Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2019

- 9 -